Shaw C. J.
delivered the opinion of the Court. In order 1 • • • to maintain this action for a malicious prosecution, it is very-clear that the plaintiff must aver and prove, that the suit complained of was commenced and prosecuted without reasonable or probable cause, and that it was malicious. The ground lessness of the suit may in many instances be so obvious and palpable, that the existence of malice may be inferred from it.
The question of probable cause, applies to the nature of the suit, and the defendants’ knowledge and belief; and the point of inquiry is, whether they had probable cause to maintain the particular suit, upon the existing facts known to them. The suit complained of in this case, was an action of replevin, for a vessel called the Caroline, and it is now conceded that the defendants claimed an interest in part only of this vessel, and that by a well known rule of law replevin could not be main tained. Then had the defendants any probable cause for commencing that suit, and had they in fact any ground to believe that they could maintain it ? If they had not, then whatever other rights or claims to this vessel they had, or whatever other legal or equitable remedies they might have for enforcing them, the action of replevin was equally without probable cause.
But it is objected, that there was a mis-direction of the Court, in stating that the defendants, in commencing their action, were presumed to know the law, and that the misapplication of this maxim had a tendency to mislead the jury.
That charge is to be applied in reference to the circumstances of the case then before the Court, and to the subject matter. It is now conceded that the action of replevin would not lie, and the effect of the rule thus applied was, that the defendants must be presumed to know that the action would not lie. And this appears to us to be correct. What a man s bound to know, the law presumes that he does know, and holds him responsible accordingly. A man ought not to take *332 out legal process, to seize the property or arrest the person of another, without some knowledge on the subject; and he ought to be responsible for the consequences, if he does this in utter recklessness and ignorance. But the presumption is in point of fact, that he does know the law, because it is within common experience that men, not themselves instructed in the law, do not ordinarily take such measures without legal advice.
Besides, the principal purpose of the direction was to point out the legal presumption, or burden of proof. The plaintiff proved the institution of the suit, and that it was in fact groundless. But every groundless suit is not without probable cause. Then the question was this; had the defendants probable cause, or did they know or believe that the suit was groundless ? Had the facts been doubtful or controverted, the plaintiff might have been bound to go further and show that upon the facts there was no probable cause. But the fact being undisputed and the law clear, the effect of the ruling of the Court was, that the defendants were presumed to know that by law the action could not be maintained, and therefore that these facts constituted a prima, facie case, and called upon the defendants to rebut it by proof. And we are of opinion that this was correct. It merely put the burden upon the defendants to rebut this presumption, which they might do by any proof showing a reasonable ground on their part to believe that the action might be sustained, as that they were misled as to the proofs, that the law was doubtful or unsettled, or that they acted in good faith under the advice of counsel. And such advice, given upon a case truly stated and the advice honestly pursued though incorrect, will rebut such presumption and constitute a good protection for the client. But even legal advice, if used only as a cover and not acted upon in good faith, if it does not induce an honest belief that the party has probable cause, will not screen him from the consequences of prosecuting an entirely groundless suit. Ravenga v. Mackintosh, 2 Barn. & Cressw. 693.
And we think the ruling of the Court on the' subject of malice, was open to no just exception. The malice necessary to be shown in order to maintain this action, is not necessarily *333 revenge or other base and malignant passion. Whatever is done wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one s own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or, in the language of the charge, to do a wrong and unlawful act knowing it to he such, constitutes legal malice. 1 East’s Rep. 567, note; United States v. Ruggles, 5 Mason, 192; Looker v. Halcomb, 4 Bingh. 190.
We think the instructions were correct upon both points, and therefore that there must be

Judgment on the verdict.