Daniel, Judge,
 

 after stating the facts, proceeded as follows:
 

 We are of opinion, that if the facts were such as are .contended for by the defendants, they would not make out a probable cause, to authorise their issuing a state’s warrant, and prosecuting the plaintiff for perjury. In the case of
 
 Munns
 
 v.
 
 Dupont,
 
 (2
 
 Brown Rep. Ap.
 
 65,) Judge
 
 fWashington in
 
 delivering the opinion of the court, asks “what is the meaning of probable cause. I understand it to be the existence of circumstances “ and facts, sufficiently strong to excite in a rea- “ sonable mind, suspicion, that the person charged with “having been guilty, was guilty; it is a case of appa- “ rent guilt, as contradistinguished from real guilt. It. “ is not essential that there should be positive evidence “at the time the action is commenced ; but the guilt “should be so apparent at that time, as would be suliici» “ent ground to induce a rational and prudent man, who “duly regards the rights of others as well as his own, to “institute a prosecution
 
 ;
 
 not that he knows the facts ne “ cessary to insure conviction, but that there are known “to him, sufficient grounds to suspect that the person ha “ charges was guilty of the offence.” The material question in the cause, on the trial of which the plaintiff was alleged to have committed perjury, was, whether the defendants had fraudulently conspired to obtain by illegal means, the money and property of
 
 *456
 

 Horde.
 
 In the ascertainment of the guilt or innocence of the defendants, on the indictment for the conspiracy, it was quite immaterial whether the plaintiff swore that the words used by
 
 Marlin
 
 were, that he would send
 
 Horde
 
 to jail if he did not give up the three dollar bill, and give his note for the balance, or whether he swore that
 
 Martin
 
 said, he would bind him over to court, if he did not give up the property.
 
 Horde
 
 had been arrested for laceny, and it was the duty of the justice, before whom the warrant was returned, to have bound him over to court, whether he was willing or unwilling to give up the money, if in the opinion of the justice, the evidence proved him guilty of the charge. But upon the question whether the defendants wished, by their oppressive conduct, to extort money from
 
 Horde,
 
 which in truth, was the fact that the plaintiff’s evidence was offered to establish, the words used by the magistrate in either way, viz: that he would send him to jail, or bind him to court, if he did not deliver the money, would have the same effect. The jury could not have been misled by the variance in the words sworn to by the plaintiff, from those that in fact were spoken by the magistrate. The difference between the words spoken by the magistrate, and the words which the plaintiff swore he made use of, was not sufficient to excite in the minds of the defendants a reasonable suspicion that he had committed perjury. If the justice liad said he would bind
 
 Horde
 
 to court if he did not give up the money, then the money must have been surrendered, or
 
 Horde
 
 must have gone to jail, if he had been unable to procure bail. We think the court and jury could not have been misled by the variance in the expressions used ; and it appears to us, that no reasonable mind could suspect that the witness was guilty of perjury. We therefore think, that the facts disclosed, did not amount to probable cause, and a new trial should be granted, which is done accordingly. ■
 

 Per Curiam. — Judgment reversed.