Battle, J.
 

 The testimony offered by the defendant to prove, by witnesses who had known him long and inti, mately, that he was not addicted to drunkenness, was properly admitted. This habit in the use of ardent spirits was a fact, which might-well be within the knowledge of the witnesses, and to which they might testify, as it was relevant to the subject of enquiry, to-wit, whether the defendant was drunk at the time spoken of by the other witnesses. But we think that there was error in admitting the testimony for the purpose of proving that the defendant had the character of being a sober man. “ In civil suits, the general rule is, that unless the character of the party be put directly in issue by the nature of the proceeding, evidence of his character is not admissible.”
 
 McRae
 
 v.
 
 Lilly,
 
 1 Ired. Rep. 118. Here the character of the defendant for sobriety was not put directly in issue, and we can see no reason to-take the case out of the general rule.
 

 The other testimony, offered by the defendant to disprove malice, was inadmissible and ought to have been rejected. When a party consults counsel learned in the law, upon a full and fair statement of all the facts of the case, and acts according to his advice, that circumstance may be proved to show that he acted
 
 bona fide,
 
 and without any malicious intent.
 
 Blunt
 
 v. Little, 3 Mason’s Rep. 102.
 
 Hewlett
 
 v.
 
 Cruckley,
 
 5 Saund. Rep. 277, (1 Eng. C. L. Rep. 107,) 2 Stark. Ev. 495. We have neither seen nor heard of any case, where the opinion of an unprofessional man, taken by the defendant, has been admitted to show that he acted in good faith and without malice. In the case of
 
 Blunt
 
 v.
 
 Little,
 
 Judge Story says, that “it is certainly going a great way to admit the evidence of any counsel, that he advised a suit upon a deliberate examination of the facts, for the purpose of repelling the imputation of malice, and establishing probable cause
 
 *279
 
 and in
 
 Hewlett
 
 v.
 
 Cruckley,
 
 the rule is laid down by the. Court, after an
 
 advisari,
 
 with evident caution, and with, some > doubts as to its correctness. We do not feel at liberty to carry it farther, by admitting testimony of the opinion of any gentleman, however respectable, who has not qualified himself for'giving advice upon questions’of law, by studying it as a science, and pursuing it as a profession. This Court certainly did not intend to do so, when this case was formerly before it. The persons, to consult whom it is stated, in the opinion then delivered, to be the duty of a party who conceives himself aggrieved, and is about to institute a criminal prosecution, are gen.tlemen of the legal profession, and not those, who in point of qualification to advise upon such questions, stand no higher than the party himself.
 

 The judgment must be reversed, and a new trial granted.
 

 Pee Cuuiam. Judgment reversed and new trial granted.