Pearson, J.
 

 This was an action for a malicious prosecution. The plaintiff read in evidence a record, shewing that an indictment against him for a conspiracy had been found by the grand jury “a true bill,” and that he had been tried and acquitted. The defendant admitted^ that the proceeding had been instituted at his instance. There was no other evidence. The plaintiff moved the Court to charge, that his acquittal supported the averment of “ a probable cause.” The Court refused, and for this the plaintiff excepts.
 

 Malice and a want of probable cause is the gist of the action. This averment is made by the plaintiff, and it is for him to prove it. He relies solely on the fact, that the jury have acquitted him. This has no tendency to shew a want of probable cause, The jury say, the evidence was not strong enough to convict. What was the force
 
 *234
 
 of the evidence, how near it approached to conviction, whether the plaintiff was acquitted by having the benefit of a reasonable doubt, are matters, about which the verdict is of course silent. The grand jury find there was probable cause — the petit jury find that there was not sufficient to convict. •
 
 Non constat,
 
 that there was no probable cause. The question is too plain to admit of argument.
 

 In
 
 Griffis
 
 v.
 
 Sellars, 4
 
 Dev. and Bat. 176, it is held,, that if one be convicted in the County Court, and, upon appeal, is acquitted in the Superior Court, still the fact of his having been convicted is
 
 conclusive
 
 evidence of probable cause, and his subsequent acquittal does not open the question.
 

 The finding of a grand jury has not this conclusive effect, andan acquittal opens the question, so as to give the party an opportunity to offer evidence to repel the presumption, growing out of the action of the grand jury. How the acquittal can have any further effect, we are at a loss to conceive.
 

 Per Curiam. Judgment affirmed