### C. G. MORGAN v. HENRY D. STEWART.

#### (Filed 24 April, 1907).

1. **Malicious Prosecution—Indictment—Acquittal—Probable Cause—Prima Facie Case.**—A *prima facie* case of want of probable cause is not made out by evidence of an acquittal by a court of competent jurisdiction of the defendant, the plaintiff in an action for malicious prosecution.

2. **Same—Facts Established—Probable Cause—Question of Law.**—In an action for malicious prosecution the question of probable cause arising from facts admitted or established is one of law for the Court.

3. **Same—Statute—County Sanitary Board—Regulations—Validity.**—In pursuance of section 4451, Revisal, authorizing the sanitary committee of a county to make regulations and provisions for the vaccination of its inhabitants, and to impose such penalties as they may deem necessary to protect the public health, and of section 4355 thereof, making those violating the rules and regulations of the committee guilty of a misdemeanor and fined or imprisoned, such rules, regulations or orders, when reasonable and relevant to the purpose, are a valid exercise of authority.

4. **Same—Evidence—Nonsuit.**—It is error in the Court below to refuse to dismiss an action as on judgment of nonsuit, for that there was no evidence to sustain a finding for the plaintiff on the issue of the want of probable cause upon testimony, without substantial divergence, showing: That in pursuance of a resolution of the county board of health, the defendant, the county superintendent, having heard there were several cases of smallpox near the plaintiff's school, one within half a mile and in sight, called at the school-house, explained to the plaintiff the law as he understood it, and was refused by the plaintiff the request that he be allowed to vaccinate the plaintiff and his scholars; that for some months prior to this request smallpox had been prevalent in this county, there having been many cases the previous year and many developed in the then current year; that upon being refused, the defendant referred the matter to the Secretary of the State Medical Board, was advised that the plaintiff should be proceeded against, and was shown a letter from the Attorney-General advising that regulations similar to those under which he was acting could be lawfully enforced; that thereupon the plaintiff was indicted and acquitted.

CIVIL ACTION for malicious prosecution, tried before *Justice, J.,* and a jury, at October Term,. 1906, Superior Court of ANSON County.

There was evidence to the effect that in February, 1906, the present defendant, who was at that time superintendent of health for Union County, had caused the arrest and trial before two justices of the peace of said county of the present plaintiff, who was then teaching a public school in Union, on a charge of wrongfully refusing to be vaccinated and to permit the vaccination of the pupils of his school, pursuant to regulations of the sanitary committee of that county. That on trial had 10 March, 1906, the present plaintiff was acquitted, and thereupon instituted this action against defendant for malicious prosecution.

At the close of plaintiff's testimony, and again at the close of the entire testimony, there was motion on the part of the defendant to dismiss the action as on judgment of nonsuit, in that there was no testimony to sustain or justify a finding for plaintiff on the issue as to want of probable cause for the prosecution complained of.

The motion was denied, and defendant excepted.

Verdict and judgment for plaintiff, and defendant excepted and appealed.

No counsel for plaintiff.
*R. B. Redwine* for defendant.

HOKE, J. It is accepted doctrine with us that, on facts admitted or established, the question of probable cause is one of law for the Court. *Jones v. Railroad,* 125 N. C., 229; *Bradley v. Morris,* 44 N. C., 395; *Swaim v. Stafford,* 26 N. C., 392.

And it is further held that the acquittal by a court which has jurisdiction to try and determine the question does not

make out a *prima facie* case of want of probable cause.  *Bell v. Pearcy,* 33 N. C., 233.

Applying these principles, a careful examination of the records leads us to the conclusion that in no aspect of the testimony has plaintiff made out his allegation of a want of probable cause for the prosecution, and there was error in refusing the defendant's motion to nonsuit.

There is no substantial divergence in the testimony presented, and it tends to show that for eighteen months prior to the occurrence smallpox had been prevalent in Union County, there having been as many as five hundred and seventy-two cases in the year previous, and two hundred cases already developed in the current year; that one case existed within one-half mile of the school-house in question, several others at a distance not much greater, and at Waxhaw, within three miles, there were quite a number of cases.  In the presence of these conditions the sanitary committee of Union County met at Monroe, N. C., and having been called to order by the chairman, passed a resolution looking to compulsory vaccination, as follows:

"Any person or persons within a radius of three miles of any school-house who wilfully refuses to be vaccinated or to allow any one in his charge to be vaccinated shall be guilty of a misdemeanor."

The committee, having fixed a fee for vaccination, allowed the superintendent of health to call in any doctor of the county to help him; and it was further ordered that the county superintendent of health proceed to enforce compulsory vaccination to such an extent as he might consider necessary.  The substance of these proceedings was duly published in the county paper, and plaintiff testified that he had been made aware of such proceedings, but was not informed of their precise nature.

The defendant, who was then superintendent of health in Union County, having heard that there were several cases of smallpox near the plaintiff's school, one within a half mile and in sight, called at the school-house, explained the conditions and the law, as he understood it, and requested that he be allowed to vaccinate the plaintiff and his scholars, and the request was refused.

The plaintiff and defendant differ somewhat as to the precise terms; but taking either version to be true, there was a refusal both as to plaintiff and the scholars, or certainly as to some of them.

Having referred the matter to the Secretary of the State Medical Board at Raleigh, and having been advised that the teacher was indictable and should be proceeded against; and furthermore, having been shown a letter from the Attorney-General of the State to the Superintendent of Public Instruction, in which the Attorney-General advised that regulations similar to those of Union County could be lawfully enforced, the Superintendent instituted the prosecution complained of and on which the present plaintiff was tried and acquitted.

Our statute law provides, in substance (Rev., sec. 4451), that on the appearance of smallpox in a neighborhood, the authorities of any city or town, or the sanitary committee of any county, may make such regulations and provisions for the vaccination of its inhabitants and impose such penalties as they may deem necessary to protect the public health. And section 4355 provides that, "If any person shall violate any of the rules and regulations of the sanitary authorities of any county in regard to vaccination, he shall be guilty of a misdemeanor, and fined not exceeding fifty dollars, or imprisoned not exceeding thirty days."

We find no precise form in which the resolutions of a

county sanitary board should be couched, nor any specified or stated order of proceedings where such matters are to be considered or determined; and we see no reason why the order of the sanitary committee should not be upheld as a valid exercise of the authority conferred upon them by the statute. They could not declare the prohibited act a misdemeanor, because its status had already been so fixed by public law; but their resolution could still be received and construed as a regulation requiring parties within the prescribed territory to submit to vaccination; and the statute makes the refusal a misdemeanor within the jurisdiction of a justice of the peace. Legislation of this character has been upheld by well-considered decisions in this and other jurisdictions. *Hutchins v. Durham,* 137 N. C., 68; *State v. Hay,* 126 N. C., 999; *Morris v. Columbus,* 102 Ga., 792. And it is also well established that the Legislature may confer on local boards—certainly those clothed with governmental functions—the power to make reasonable regulations to protect the public health and to fix and establish facts or conditions on which a statute makes its own action depend. *State v. Railroad,* 141 N. C., 852; 8 Cyc., 830; Freunde on Police Power, sec. 34.

And while these local regulations are required to be reasonable, and are, to some extent, subject to judicial control, both as to the existence of an apprehended danger and the reasonableness of the relief, Freunde on Police Power, *supra,* we have held that "where a statute of this kind has been passed and the conditions established which call it into operation, it thus becomes a law binding on each and all alike, and it is optional to no one's private judgment whether to render compliance or not. If there are exceptional cases, where, owing to the peculiar state of the health or system, vaccination would be dangerous, that would be a matter of defense, the burden of which would be on the defendant." *State v. Hay, supra.*

In holding that there was probable cause for prosecuting the plaintiff, we intend to make no comment, certainly no adverse comment, either on the justices who tried and acquitted the plaintiff nor on the plaintiff himself. Both, no doubt, acted according to their best judgment and sense of duty, and there is much to be said in justification of plaintiff's conduct. But the plaintiff's conduct here is not the important or controlling question. We are considering chiefly the conduct of defendant, and how the matter reasonably appeared to him. He was at that time superintendent of health of Union County, whose sworn duty it was to see that laws addressed to the subject involved were enforced, and to carry out, as far as possible, the work as directed by the sanitary committee of his county and by the State Board of Health." Revisal, sec. 445. He notes that the county is threatened with an epidemic of smallpox, and the sanitary board has passed a resolution requiring each and every one within a radius of three miles of any case of smallpox to be vaccinated; and on the statute book is a law which makes it a misdemeanor to refuse to comply with this regulation. That this school is within such a radius and is in great danger of exposure; and under such conditions he applies to the plaintiff for permission to vaccinate both plaintiff and his scholars, and the application is refused.

There is also evidence tending to show that there was a disposition in many localities to obstruct the enforcement of these regulations, and under such circumstances the defendant consults with the Secretary of the State Board of Health as to the proper course to be pursued. That officer, who deservedly holds the confidence of every well-informed and patriotic citizen of the State by reason of his faithful and intelligent devotion to his duties and to the State's best interests, advises, upon all the facts, that the law has been broken, and that the public good requires that the prosecu-

tion should be instituted. The defendant then swears out the warrant and causes plaintiff to be put on trial.

Probable cause, in cases of this kind, has been properly defined as the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution. *Cabaniss v. Martin,* 14 N. C., 454; *Bell v. Pearcy, supra.*

It seems clear to us that in no aspect of the testimony, as the same is presented in this record, has there been a want of probable cause shown, and the Court below should have dismissed the case as on judgment of nonsuit.

Reversed.