Action to recover damages for malicious prosecution.
There was evidence tending to show that on or about 25 April, 1908, the defendant had caused the arrest and imprisonment of plaintiff on a charge of having obtained from said defendant, as landlord, with intent to cheat and defraud, advances and supplies to plaintiff as tenant. The prosecution having been instituted under section 3431 of Revisal, which gives a justice final jurisdiction, the evidence further showed that the plaintiff had been acquitted by the justice who tried the case.
There was evidence on the part of plaintiff tending to show that he had acted throughout in good faith; that he had left defendant's premises for good cause, and that, as a matter of fact, he did not owe defendant anything for advancements or supplies at the time he moved away.
There was evidence on the part of defendant that plaintiff, having agreed to become tenant of defendant, obtained goods and money by way of advancements, and had shortly thereafter abandoned the place without cause or excuse, and defendant, having consulted counsel, placing the facts truthfully and fully before him, and being advised that on the facts as stated a prosecution would lie under the statute, had instituted the same, etc. *Page 504 
The jury rendered the following verdict:
1. Did the defendant, Scott Stone, cause the arrest and prosecution of the plaintiff, T.L. Downing, as alleged? Answer: Yes.
2. Was the same done without probable cause? Answer: Yes.
3. Was the same done with malice? Answer: Yes.
4. Has the criminal action terminated? Answer: Yes.
5. What damages, if any, has plaintiff sustained thereby? Answer: $1,250.
Judgment on verdict for plaintiff, and defendant appealed.
after stating the case: The defendant excepted for that the court refused to charge the jury as requested, "that in order to answer the issue as to malice for the plaintiff, it was required that plaintiff should establish particular malice against the defendant," insisting that the term "particular malice," in this connection, should be understood in the sense of personal ill-will or grudge towards the defendant, and charged instead:
"Particular malice means ill-will, grudge, a desire to be revenged. Malice within the meaning of this issue does not necessarily mean ill-will, but a wrongful act knowingly and intentionally done the plaintiff without just cause or excuse will constitute malice; and should you find from the evidence, and by the greater weight thereof, the burden being on the plaintiff, that the defendant Stone was actuated by malice towards the plaintiff in taking out the warrant and causing the plaintiff's arrest, you will answer the third issue `Yes.' If you do not so find, you will answer the third issue `No.'"
The rulings of the court below, on both of these questions, find support in an express decision of this Court, Stanford v. Grocery Co.,143 N.C. 419, 426 and 427, and the position is supported by the better reason and is in substantial accord with the great weight of authority.Wills v. Noyes, 29 Mass. 324; Vinal v. Core, 18 W. Va. 1; Burhaus v.Sandford, 19 Wen., 417; Frowman v. Smith, Little Sel. Cases, 7; S. c., 12 American Decisions, 265, note 1; Gee v. Culver, 13 Ore., 598; Pullen v.Sadden, 66 Me. 202; Harpham v. Whitney, 77 Ill. 32; Hadrick v. Hestop, 64 E.C.L., 266; Johnston v. Ebberts, 11 Fed., 129; 19 A. E., 675; 26 Cyc., 48-49; Hale on Torts, 354; Cooley on Torts, 338.
In Hale on Torts, supra, treating of malicious prosecution, it is said:
"`Malice,' as here used, is not necessarily synonymous with `anger', `wrath,' or `vindictiveness.' Any such ill-feeling may constitute malice. But it may be no more than the opposite of bona fides. Any *Page 505 
prosecution carried on knowingly, wantonly, or obstinately, or (528) merely for the vexation of the person prosecuted, is malicious. Every improper or sinister motive constitutes malice, in this sense. The plaintiff is not required to prove `express malice,' in the popular sense. The test is, Was the defendant actuated by any indirect motive in preferring the charge or commencing the action against the plaintiff?"
In Cooley, supra, the author says:
"Legal malice is made out by showing that the proceeding was instituted from any improper or wrongful motive, and it is not essential that actual malevolence or concept design be shown."
In Vinal v. Core, supra, the Court, on this question, held:
"6. By the last requisite, malice, is meant, not what this word imports when used in common conversation, nor yet its classical meaning, but its legal and technical meaning, that is, some motive other than a desire to secure the punishment of a person believed by the prosecutor to be guilty of the crime charged, such as malignity, or a desire to get possession by such means of the goods alleged to be stolen, when the charge is larceny, or any other sinister or improper motive."
In Gee v. Culver, supra, it was held:
"1. Malice, in the enlarged sense of the law, is not restricted to anger, hatred, and revenge, but includes every unlawful and unjustified motive. And in an action for malicious prosecution for the purpose of bringing a party to justice, is a malicious motive.
"2. In actions for malicious prosecution there is no such thing as implied malice, but malice in fact must be proved, and its existence is purely a question of fact for the jury; but such malice may be inferred from any improper or unjustifiable motives which the facts disclose influenced the conduct of the defendant in instituting the prosecution. And the act itself, with all the surrounding facts and circumstances, may be inquired into for the purpose of ascertaining such motive."
And Lord, J., delivering the opinion, said further:
"But the term `malicious' has in law a twofold signification. There is what is known as malice in law, or implied malice, and malice in fact, or actual malice. Malice in law denotes a legal inference of malice from certain facts proved. It is a presumption of malice which the law raises from an act unlawful in itself which is injurious to another, and is declared by the court. Malice in fact, or actual malice, relates to the actual state or condition of the mind of the person who did the act, and is a question of fact upon the circumstances of each (529) particular case to be found by the jury. In actions for malicious prosecution there is no such thing as malice in law, but malice in fact must be proved, and its existence is purely a question of fact for the *Page 506 
jury. (Ritchey v. Davis, 11 Iowa 124.) But in this form of action malice is not considered in the sense of spite or hatred against an individual, but of malus animus, and as denoting that the party is actuated by improper and indirect motives. (Mitchell v. Jenkins, 5 Barn. Adol., 394.) To prove actual malice, it is not necessary, therefore, that the prosecution complained of should proceed from hatred or ill-will to the plaintiff; but it may be inferred from any improper and unjustifiable motives which the facts disclose influenced the conduct of the defendant in instituting the prosecution. `But it is well established,' said Libby, J., `that the plaintiff is not required to prove express malice in the popular signification of the term, as, that defendant was promoted by malevolence, or acted from motives of ill-will, resentment, or hatred towards the plaintiff. It is sufficient if he prove it in its enlarged sense.' `In a legal sense, any act done willfully and purposely to the prejudice and injury of another, which is unlawful, is as against that person, malicious.' (Commonwealth v. Snelling, 15 Pick., 327.) `The malice necessary to be shown in order to maintain this action is not necessarily revenge, or other base or malignant passion. Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is, in legal contemplation, malicious. (Wills v. Noyes, 12 Pick., 324.)'"
We were referred by counsel to Savage v. Davis, 131 N.C. 162, and Brookev. Jones, 33 N.C. 260, as authorities in support of their position, and in which it is said that "particular malice" must be established in cases of this character. In so far as these cases hold that a malicious or wrongful purpose must exist prompting the particular prosecution, which is the subject of inquiry, the decisions may be upheld, but, to the extent that they countenance the position that on an issue of this character it is necessary to show there was personal ill-will or malevolence existing with the plaintiff towards the original defendant, the cases are not well considered.
Nor was there any error in refusing to give another instruction prayed for by defendant, as follows:
"If the jury find from the evidence that the defendant, Scott Stone, before causing the warrant to be issued for the arrest of the plaintiff Downing, consulted a reputable practicing attorney, making to (530) him a full and fair disclosure of the facts, and was advised by said attorney to procure a warrant for Downing's arrest; and that the defendant acted in pursuance of said attorney's advice in causing the warrant to be issued, this would constitute probable cause for issuing the warrant, and you will answer the second issue `No.'"
The decisions of this State have uniformly held that advice of counsel, however learned, on a statement of facts, however full, does not of itself *Page 507 
and as a matter of law afford protection to one who has instituted an unsuccessful prosecution against another; but such advice is only evidence to be submitted to the jury on the issue as to malice. Smith v. B. L.,116 N.C. 74; Davenport v. Lynch, 51 N.C. 545; Beal v. Robeson, 30 N.C. 276. And where it is proven that legal advice was taken by a prosecutor, this too is a relevant circumstance in connection with other facts, admitted or established, to be considered by the court in determining the question of probable cause. Morgan v. Stewart, 144 N.C. 424; R. R. v. Hardware Co.,143 N.C. 58.
This restriction as to the advice of counsel learned in the law on facts fully and fairly stated does not seem to be in accord with the weight of authority as it obtains in other jurisdictions (Cooley on Torts, 328; Hale on Torts, 357), but it has been too long accepted and acted on here to be now questioned, and we are of opinion, too, that ours is the safer position. The exception, therefore, is overruled.
Again, it was objected that the court, having admitted the docket and judgment of the justice who tried and disposed of the case, refused on request to confine such evidence to its proper effect as testimony for the purpose only of showing that the action had terminated, but allowed it to be used on the issue as to probable cause. We think this objection must be sustained. It is well established with us that when a committing magistrate, as such, examines a criminal case and discharges the accused, his action makes out a prima facie case of want of probable cause; that is the issue directly made in the investigation; but no such effect is allowed to a verdict and judgment of acquittal by a court having jurisdiction to try and determine the question of defendant's guilt or innocence; and the weight of authority is to the effect that such action of the trial court should not be considered as evidence on the issue as to probable cause or malice. In this case the justice had final jurisdiction to try and determine the question. The judgment is necessarily admitted, because the plaintiff is required to show that the action has terminated; but it should be restricted to that purpose, and the failure to do this constituted reversible error.Morgan v. Stewart, 144 N.C. 424; Bell v. (531)Pearcy, 33 N.C. 233; Bekkeland v. Lyons, 96 Tex. 255;Philpot v. Lucas, 101 Iowa 478; Anders v. Frund,85 Ill., 135; Taylor on Evidence, sec. 1667; 19 A. E., 665.
There was further error in charging the jury as follows:
"It being admitted in this case that plaintiff Downing commenced the work and labor according to the contract of employment, the court charges you that he was not indictable for failure to complete the work." *Page 508 
The language of the statute is, "If any person with intent to cheat and defraud another shall obtain advances under a promise to begin work or labor," etc., "and shall then unlawfully and willfully fail to commence or complete said work, shall be guilty," etc. To allow the commencement of work by plaintiff to operate as an absolute protection to him is thus in direct contravention of the express provision of the statute, and must be held erroneous. It is, no doubt, an inadvertence on the part of the court, but the objection is distinctly and explicitly made.
These are the principal questions presented and argued on the appeal. Most of the other exceptions are to rulings of the court on questions of evidence. They do not seem to be in any way controlling or determinative, and, as they may not arise in another hearing, it is not considered necessary or desirable that they be now passed upon.
For the errors indicated, defendant is entitled to a
Venire de novo.
Cited: Warren v. Lumber Co., 154 N.C. 38; Wilkinson v. Wilkinson,159 N.C. 270; Humphries v. Edwards, 164 N.C. 156; Motsinger v. Sink,168 N.C. 550; Holton v. Lee, 173 N.C. 107.