## ELMER L. HARLOW et'al. *vs.* FRED A. PERRY.

### Andròscoggin.   Opinion March 8, 1916.

*Declaration of agent as binding principal.    Defendant's silence. Principal and agent.    Scope of agent's authority.*

An action on the case for deceit in the sale of a stock of goods by the defendant, administrator of the estate of one J. K. Haslan, who in his lifetime kept a crockeryware and variety store in Lewiston, by falsely representing to the plaintiffs that the stock had been appraised as of the value of $8,038, without including damaged and unsalable goods, and that the goods, as they were arranged on the shelves and as they appeared were similar in character and quality to those in sight on the shelves and to those contained in the various boxes and receptacles holding the goods. In an action for deceit, held;

1.  A declaration of the agent at the time of sale, in reference to the condition of the goods which he was selling for his principal was admissible as part of the res gestae accompanying the act of the sale.

2.  A principal is liable for such acts of his agent as were done within the scope of his authority as agent, which included representations made by the agent to plaintiff as to condition and kind of goods for which negotiations of sale were in progress.

3.  Defendant having offered testimony as to the appraisal, it opened the door for the plaintiffs to show all that was done at the time of the appraisal that bore upon the value of the goods sold.

4.  Before the silence of a party is admissible against him, it must appear that he had the right, and it was his duty, to speak; that he had an opportunity for the denial, and that when called as a witness in his own behalf, and there has been positive testimony as to his declarations that were material to the issue, and he does not deny them, the jury have the right to consider his silence under such circumstances as tending to prove the truth of the testimony given.

Action for deceit in the sale of stock of goods, plaintiff alleging misrepresentations as to kind and quality and appraisal value of said goods. Defendant pleaded general issue. Verdict for plaintiff. Exceptions filed by defendant to admission of certain testimony and rulings of court. Exceptions overruled.

Case stated in opinion.

*Oakes, Pulsifer & Ludden* for plaintiff.

*R. W. Crockett* for defendant.

SITTING: SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HALEY, J. This is an action on the case for deceit in the sale of a stock of goods by the defendant, administrator of the estate of one J. K. Haslan who in his lifetime kept a crockeryware and variety store in Lewiston, by falsely representing to the plaintiffs that the stock had been appraised as of the value of $8035, without including damaged and unsalable goods and that the goods, as they were arranged on the shelves and as they appeared were similar in character and quality to those in sight on the shelves and to those contained in the various boxes and receptacles holding the goods. The store was about 25 by 80 or 90 feet in size, and included a basement and two general stores and an attic, in all of which there was a large amount of goods. The case has been before this court before (113 Maine, 239), and upon the second trial the verdict was for the plaintiffs and the defendant brings the case to this court upon exceptions. The testimony showed that one D. P. Andrews acted as agent of the defendant in making the sale to the plaintiffs. The first exception is to certain parts of the testimony of Mr. Andrews, who was called as a witness for the plaintiffs. The testimony is as follows: "Q. What did Mr. Andrews tell you about the stock of goods for you to report to prospective customers? A. He told me the appraisal of the stock was eight thousand dollars. MR. CROCKETT: I wish to reserve that point. I object to that testimony. The COURT: You don't claim that is a substantial ground for damages, do you, Mr. Pulsifer? MR. PULSIFER: No, I think not. The COURT: You had better leave that out for the present, as that part of it goes. He is not asked what was told the plaintiffs.

Q. Well, Mr. Andrews, what representation did you make to Mr. Harlow and Mr. Thurston about the stock? The COURT: State the conversation, the whole of it. A. I told them Mr. Perry told me the stock was appraised at $8035, with all damaged stock throwed out. MR. CROCKETT: I object. The COURT: That may stand as a part of the conversation. MR. CROCKETT: I would like to have the point reserved. The COURT: I shall instruct the jury about it. MR. CROCKETT: I wish the point reserved. The COURT: Certainly."

The rest of the testimony of this witness is not given, but there can be no question but that the declaration of the agent at the time of sale in reference to the condition of the goods which he was selling for his principal was admissible as a part of the res gestae accompanying the act of the sale, and the witness to answer the question was bound to state all that he stated to the plaintiffs as an inducement for them to make the purchase. The defendant claims that the false and fraudulent representations concerning the appraisal of the property by appraisers as to the value placed upon it, was not sufficient to sustain an action for deceit in the sale of property, which is the law of this State as held in *Bourn* v. *Davis,* 76 Maine, 223, and the above testimony of Mr. Andrews was not admitted for the purpose of charging the defendant for damages by reason of the false statements as to the value of the goods. The counsel stated that he did not rely upon it, it was not admitted for that purpose, but it was admitted as a part of the conversation between the plaintiffs and the defendant's agent, whereby the plaintiffs were induced to purchase the goods, and in repeating the conversation it was necessary for the witness to repeat all that was said, or all in substance that was said, between them at the time, and if immaterial testimony was given that had no bearing on the case, it was not a subject of exception, because the witness was called upon to give the conversation, and if matters were stated that had no bearing upon the case, it was the duty of the court to give to the jury proper instructions in regard to it, and the court stated he would give the jury proper instructions in regard to the testimony, and it is not claimed that proper instructions were not given. As Mr. Andrews was the agent of the defendant in making

the sale of the goods to the plaintiffs, the defendant was liable for such acts of the agent as were done within the scope of his authority as agent, which included representations made by the agent to the plaintiffs as to the condition and kind of goods that they were negotiating for. *Leavitt* v. *Seaney,* et al., 113 Maine, 119, and authorities cited.

The defendant proved by the testimony of two of the appraisers of the estate of James K. Haslan that they looked the stock over, inventoried and appraised it, with an allowance for damaged goods, at $8038, which inventory was not filed in the probate court. Upon cross examination, subject to exception, the witnesses were allowed to testify that at the same time they made another inventory of the same goods, and that their estimate of the value of the goods, as shown by the second inventory, was $2300, which inventory was returned by them to the defendant. The defendant having offered evidence of what appeared to be the estimates of the witnesses of the value of the stock, it was proper for the plaintiffs to show, by cross examination, that they had placed a different value upon the goods. The defendant having offered testimony as to the appraisal, it opened the door for the plaintiffs to show all that was done at the time of the appraisal that bore upon the value of the goods. The testimony tended to prove that that value placed upon the goods by the witnesses was not a fair value, and tended to prove that the defendant to whom the inventory was returned, knew, or ought to have known, that the representations made by his agent as to the condition and value, were untrue, and the defendant, having offered evidence of the appraisal, had no right to prevent the plaintiffs from showing how it was made. The defendant having shown a part of the transaction and the value placed upon the goods by the witnesses, the plaintiffs had a right, upon cross examination of the witnesses, to show how the value was fixed by them, and that at the same time they fixed a much lower value.

The remaining exceptions are to the admission of the testimony of the plaintiffs and their witnesses that at the previous trial, at which the defendant was a witness, the plaintiffs testified to statements made by the defendant to the plaintiffs, that the goods had been so arranged as to give a fair representation, that they were

as shown on the front, and to the permitting of the plaintiffs' attorney to ask defendant, on cross examination after he had testified, he probably heard the above testimony, "Did you make any denial of that statement? A. I didn't confirm or deny it, to my knowledge." At the previous trial one of the plaintiffs testified that he stated to the defendant, "I was not used to that kind of stock at all, and I would simply have to go on what he said in regard to the character of it. . . I was going on his statement."

It is urged that the failure of the defendant to deny at the former trial, at which he was not only a party but a witness, the testimony given in his presence which was material to the issue, was an admission by silence and acquiescence that tended to prove the truth of the testimony given.

In *Blanchard* v. *Hodgkins,* 62 Maine, 119, it was held that such a failure to deny testimony given in the presence of the defendant, who was a witness at the former trial, was admissible in the following language: "We think the testimony was competent as tending to show an implied admission on the part of the defendant, that the bargain was as stated by the witnesses before the referee. Its force in that direction, and its value, were for the jury. It was subject to rebuttal, explanation and comment, and if an inference prejudicial to the defendant, and not well founded in fact was likely to be drawn, . . . and if he did hear and understand it, as might fairly be inferred from the plaintiff's testimony, and allowed it to pass as true, unchallenged on his part at that time, the fact was one which the jury might properly weigh."

And the doctrine of *Blanchard* v. *Hodgkins* was approved in *Thayer* v. *Usher,* 98 Maine, 468, and the same rule was sustained in *Connell* v. *McNett,* 119 Mich., 329; *State* v. *Dexter,* 115 Ia., 678.

There are many cases that contain the statement that the fact that a person present at a trial did not deny the statements made in their presence, are inadmissible in cases in which they are parties, but an examination of the cases show that it would not have been proper for them to deny the statement at that time. Many of the cases are where a witness was giving his deposition, others where the complainant, in proceedings similar to bastardy proceedings in this State, was making her statement in writing before the magis-

trate. Another where the wife of a poor debtor in supplemental proceedings had heard her husband testify to different facts than she afterwards testified to in a case in which she was a party. Another in which the wife of the defendant heard testimony at a former trial and did not deny it, not being a witness, and in criminal cases where the accused did not take the stand in the lower court, and did not deny a statement made by a witness, in all of which, as stated by the court, the party against whom the silence was offered had no right to interrupt the proceedings to make a denial. If attempted it would have been a violation of the rules of order in judicial proceedings, and would have rendered the interrupting party liable for contempt, and in many cases the statement might not be material to the issue being tried. Before the silence of a party is admissible against him, it must appear that he had the right, and it was his duty, to speak, and that he had an opportunity for the denial, and when a party is called as a witness in his own behalf, and there has been positive testimony as to his declarations that were material to the issue, and he does not deny the testimony, we think the doctrine of *Blanchard* v. *Hodgkins* applies, and that the jury should have the right to consider his silence under such circumstances.

There are cases that hold the law to be as claimed by the defendant. *Blackwell Durham Tobacco Co.* v. *McElwee*, 96 N. C., 71; *Enos* v. *St. Paul Fire and Marine Ins. Co.*, 4 S. D., 639; but most of the other cases in which the rule is stated were not cases similar to the case at bar.

In this case the statements were material. If made by the defendant, as testified, they showed the false statements as to the condition and character of the goods being sold, and that the plaintiffs relied upon such statements in the purchase. The truth of those statements was being determined in court, in a suit between these parties. The purpose of that trial was to determine whether the false statements were made. Its object was to discover and declare the truth in relation to the statements, and if the defendant preferred to allow the testimony to stand uncontradicted, when he was a witness after the testimony was given and had an opportunity to deny it, we think the plaintiffs had the right to have that fact

offered in evidence, and the jury the right to draw the inference from his neglect to deny it when he had the opportunity to do so, unless his silence was explained, as conduct by the defendant that raised a presumption of the truth of the testimony, that at that time he knew he could not truthfully deny the testimony were he to speak upon the subject.

*Exceptions overruled.*