Samuel **NYER**, d/b/a Home Improvement Co.

v.

Francis E. **CARTER.**

Supreme Judicial Court of Maine.

Jan. 11, 1977.

Gross, Minsky, Mogul & Singal, P. A. by Nathan Dane III, George Z. Singal, Bangor, for plaintiff.

Daviau & Daviau by Robert J. Daviau, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

This case originated in the Maine District Court where a verdict for the plaintiff resulted. An appeal to the Superior Court availed appellant naught. Appellant-defendant's timely appeal to this court bears fruit.

We sustain the appeal.

---

\* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

Appellee's two-count complaint in the District Court alleged malicious prosecution of a civil action and abuse of process.

Appellee apparently recognized, at the District Court level, that the count alleging abuse of process could not be sustained and it was not pressed. We consider the count abandoned and for this reason find it unnecessary to discuss it.

Appellant was an assignee for the benefit of creditors of David C. Rice and Solie Rice. As assignee, he employed an attorney and gave him instructions to do whatever was necessary to preserve the assets of the assignors. The record discloses that sometime prior to the assignment, the assignors had given a mortgage on real estate to appellee Nyer to secure payment of the unpaid balance of a debt to Nyer resulting from home improvements Nyer had made to the Rice property. The attorney, acting under the broad, nonspecific direction given him by appellant as assignee, commenced an action against appellee for judicial determination of breach of condition of a mortgage, foreclosure of which had been commenced by appellee but the time of redemption had not expired. 14 M.R.S.A. § 6103 was cited in the complaint as statutory authority for the action.[1] Obviously overlooked by the attorney was that the cited statute has no application by its express terms in those cases in which the mortgage was given to secure the payment of money.

Appellee seasonably filed a motion to dismiss the complaint for failure to state a cause of action under the provisions of Rule 12(b), M.R.Civ.P. The attorney, apparently recognizing that his complaint had not stated a cause of action, immediately dismissed the complaint with prejudice. It is that action for judicial determination of breach of condition which appellee claims was the malicious prosecution.

That the 14 M.R.S.A. § 6103 action was instituted without probable cause is not in dispute. The District Court judge made finding of fact that

"Defendant's [Carter's] action against Plaintiff [Nyer] was commenced with malice without probable cause or reasonable belief that Defendant had any cause of action against Plaintiff."

On appeal, the Superior Court justice opined that:

"Although there is the possibility that the attorney for the Defendant brought the unwarranted action against the Plaintiff through a simple misunderstanding of the function of the statute, it was within the province of the fact-finder to infer from the complete want of probable cause that the action was brought for an improper purpose. . . . Although there is little direct evidence of malice on the part of the Defendant or his attorney, this Court finds that the District Court's inference

---

1. The material portion of the cited statute reads as follows:
"In all cases where a debtor has mortgaged real and personal estate to secure the performance of a collateral agreement or undertaking, other than the payment of money, and proceedings have been commenced to foreclose said mortgage for alleged breach of the conditions thereof, but the time of redemption has not expired, any person having any claim against the mortgagor and having attached said mortgagor's interest in said estate on said claim may file a complaint in the Superior Court in the county where such agreement has to be performed, where the owner of such mortgage resides or where the property mortgaged is situated, alleging such facts and praying for relief. Said court may examine into the facts and ascertain whether there has been a breach of the conditions of said mortgage, and if such is found to be the fact, may assess the damages arising therefrom, and may make such orders and decrees in the premises as will secure the rights of said mortgagee or his assignee, so far as the same can be reasonably accomplished, and enable the creditor, by fulfilling such requirements as the court may impose, to hold said property, or such right or interest as may remain therein by virtue of such attachment, for the satisfaction of his claim."

of malice from the want of probable cause was not clearly erroneous."

It is from this conclusion that the appellant has appealed to this court.

 We are satisfied that even though appellant had no specific knowledge that his attorney was to commence an action against Nyer and remained unaware that he had done so until the trial of the malicious prosecution action, the alleged tort arose out of an agency relationship which existed between appellant and his attorney. It follows, then, that if a tort was committed by the agent, the principal is liable if the act was done within the course and scope of the agent's employment, even though appellant did not specifically authorize the tortious conduct. *Harlow v. Perry*, 114 Me. 460, 463, 96 A. 775, 776 (1916).

 Malicious prosecution has long been recognized as an actionable tort in Maine. *Ulmer v. Leland,* 1 Me. (1 Greenl.) 135 (1820). That the action would lie for prosecution of a civil action maliciously was implicitly recognized, though not discussed, in *Plummer v. Noble*, 6 Me. (6 Greenl.) 285 (1830).

 Long-standing recognition of this tort in Maine is not surprising since, as early as 1269 when the Statute of Marlbridge (52 Hen. III) was enacted,[2] a successful defendant in a maliciously prosecuted civil action was allowed to recover in that same action, not only his costs but also his damages. From the wording of the statute, it was apparent that Parliament intended to give a successful defendant the right to recover damages as well as costs, not in actions generally but rather in actions that were prosecuted maliciously, substituting this remedy for the independent action of malicious prosecution. *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764 (1920).

 That malice may be inferred from the lack of probable cause has long been the established law. *Pullen v. Glidden*, 68 Me. 559 (1878).

"In actions of this sort it is necessary to determine whether the defendant instituted the proceedings against the plaintiff without probable cause and maliciously. The propositions are not identical nor absolutely interdependent. It is true that it is competent for the jury to find that the defendant acted maliciously as an inference from the want of probable cause. But the malice necessary to maintain this action is not implied by law from the want of probable cause. It is incumbent upon the plaintiff to prove the existence of malice in fact to the satisfaction of the jury." *Pullen v. Glidden,* supra, 68 Me. at 562.

"To maintain his case it was necessary for the plaintiff to prove malice in fact as distinguished from malice in law. Malice in law is where malice is established by legal presumption from proof of certain facts, as in action for libel, where the law presumes malice from proof of the publication of the libelous matter. Malice in fact is to be found by the jury from the evidence in the case. They may infer it from want of probable cause. But it is well established that the plaintiff is not required to prove express malice in the popular signification of the term, as that defendant was prompted by malevolence, or acted from motives of ill-will, resentment, or hatred towards the plaintiff. It is sufficient if he prove it in its enlarged legal sense." *Pullen v. Glidden*, 66 Me. 202, 204 (1877).

 It is important to observe that the factfinder is not obliged to infer malice from the absence of probable cause. Such an inference is proper only when the absence of probable cause establishes in the

---

**2.** Even before 1269, the common law of England authorized an independent action to recover damages for the prior malicious prosecution without probable cause of a civil action. *Shute v. Shute*, 180 N.C. 386, 104 S.E. 764 (1920).

mind of the factfinder, by a fair preponderance of the evidence, that there is malice in fact.

As Chief Justice Shaw, writing for the Massachusetts court in *Wills v. Noyes*, 29 Mass. (12 Pick.) 324 (1832) observed:

"The groundlessness of the suit may in many instances be so obvious and palpable, that the existence of malice may be inferred from it." *Wills v. Noyes*, supra, at 326.

 It is likewise established that malice may properly be inferred from gross and culpable negligence in omitting to make suitable and reasonable inquiries before instituting the suit. *Wiggin v. Coffin*, 29 F.Cas.No.17,624, pp. 1157, 1159 (C. C.D.Me.1836) (No. 17,624). Any act is malicious which is wrongfully and willfully done *with a consciousness that it is not according to law or duty*. *Wiggin v. Coffin*, supra, at 1159.

 In the case now before us, that the attorney had no consciousness that the statutory action was not available to him is best evidenced by the admitted fact that he dismissed the complaint with prejudice immediately upon appellee's filing of a motion to dismiss for failure to state a cause of action. His misreading of the statute could not fairly be considered gross or culpable negligence, nor could his failure to explore the occasion for the giving of the mortgage be considered the kind of reckless conduct which would justify the inference of malice.[3]

On the basis of the evidence before him and considering the circumstances of this case, the judge of the District Court, sitting as the factfinder, was not warranted in inferring malice in fact from the absence of probable cause for instituting the suit. There was certainly no evidence in the case of any actual feeling of malevolence or ill-will between the appellant and the appellee or the appellant's attorney and the appellee. It is clear that neither the appellant nor his attorney had ever had contact with the appellee prior to the time suit was instituted. It follows, then, that the existence of malice in fact must have been inferred by the District Court judge. The drawing of such an inference was not justified. The entry must be:

Appeal sustained.

All Justices concurring.

DELAHANTY, J., did not sit.

---

3. Appellant's former attorney did not testify, so we are unable to say definitely whether he misread the statute or did not know that the mortgage was given to secure a money payment.