W. D. BAILEY v. THE MEADOWS COMPANY AND CAROLINA, CLINCHFIELD AND OHIO RAILWAY COMPANY.

(Filed 17 May, 1910.)

Railroads—Construction—Personal Injury — Fellow-servant — Nonsuit.

It appearing in this case from the evidence that plaintiff was employed loading rails for the construction of a railroad not in operation, and was injured either by the negligence of a fellow-servant or the result of an unavoidable accident, a motion to nonsuit upon the evidence should have been sustained.

APPEAL from *James L. Webb, J.,* at February Term, 1910, of McDOWELL.

The usual issues of negligence, contributory negligence and damage were submitted. There was a verdict and judgment for plaintiff, and defendants appealed.

*Pless & Winborne* for plaintiff.
*Hudgins, Watson & Johnston* for defendants.

BROWN, J. Taking the plaintiff's evidence in the most favorable view for him, we are of opinion that the motion to nonsuit should have been sustained. The plaintiff was working on the construction force engaged in building a railroad. The railroad was not in operation, as the rails were then being laid. Plaintiff and two fellow-servants were engaged in loading rails on a car by order of a foreman. Plaintiff states that, "We had our hands under the rail and they were so close that they dropped the rail on my hand before I could get it out." It is plain from plaintiff's own evidence that his injury was caused by the negligence of his fellow-servants, or else that it was the result of an unavoidable accident. In neither event would defendants be liable.

As the road was being constructed and not operated, the principles laid down in *Nicholson v. R. R.,* 138 N. C., 516, and reiterated at this term in *O'Neal v. R. R., ante,* 404, bar a recovery. The motion to nonsuit is sustained.

Reversed.