9865

GLOVER v. HEYWARD.

(94 S. E. 878.)

1. APPEAL AND ERROR—SCOPE OF REVIEW—ORDERS—GRANT OF NEW TRIAL.—While an order granting new trial is ordinarily not appealable unless the Supreme Court can give judgment absolute, an order granting a new trial for error in the charge to the jury is appealable.

2. MALICIOUS PROSECUTION—TERMINATION.—Where a prosecution for larceny was dismissed for absence of the prosecuting witness from

the magistrate's Court to which it had gone on a change of venue, such dismissal and discharge of the defendant terminated the prosecution and defendant then had the right to sue for damages.

3. MALICIOUS PROSECUTION—EVIDENCE—ADMISSIBILITY.—The defendant, in a suit for malicious prosecution, is not estopped by termination of the prosecution in favor of defendant therein to show the truth of the charge upon which the prosecution was based.

4. MALICIOUS PROSECUTION — TERMINATION—PRESUMPTIONS.—Where the prosecuting witness was present when a change of venue was granted, the magistrate to whom the case was sent could assume that the prosecuting witness knew, without further notice, when the case would be tried.

Before SMITH, J., Richland, Summer term, 1917. Reversed.

Action for malicious prosecution and appeal from order setting aside verdict of jury, in favor of plaintiff for $750 and granting new trial.

Mr. *Barnard B. Evans,* for appellant, cites: *As to judicial powers of magistrates:* 19 Stats. 819; Crim. Code 1912, sec. 23; Constitution 1895, art. V, secs. 6-21-26; 30 S. C. 105; 61 S. C. 25; 58 S. C. 92.

Mr. *C. S. Monteith,* for respondent, cites: *As to granting new trial:* 64 S. C. 485; 77 S. C. 319; 92 S. C. 361. *As to Court dismissing appeal and rendering judgment absolute against appellant:* 107 S. C. 170; 74 S. C. 443.

January 21, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order granting a new trial by his Honor, Judge Smith. The order was granted by his Honor upon the ground that he made an error in his charge to the jury. Ordinarily an appeal from an order granting a new trial is not allowed unless this Court can give judgment absolute. However, in this case the new trial was based and the order granted upon what

his Honor conceived to be an error of law on his part in his charge to the jury, and from such an order an appeal will lie. Had he granted a new trial because he did not approve of the verdict found by the jury or in any manner exercised his discretion in granting a new trial, his order would not be appealable.. But, as he granted it on what he conceived to be an error of law on his part in his charge to the jury, the question to be determined is : Did he or did he not commit an error in his charge? If he did, then his order should be affirmed. If he committed no error, then the order appealed from should be reversed.

It appears from the case that this is an action for damages for malicious prosecution, and the case was tried before Judge Smith, and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $750. It appears that the defendant, B. R. Heyward, went before Magistrate Scott at Eastover, S. C., in Richland county, on June 7, 1916, and made affidavit charging the plaintiff, Glover, with larceny of certain boiler tubes of the alleged value of $15. Upon this affidavit Magistrate Scott issued a warrant for the arrest of Glover on the said charge of larceny. Glover was arrested under said warrant and released on bail.

On June 14, 1916, all of the parties, prosecutor, Heyward, and defendant, Glover, appeared in the Court of Magistrate Scott, at Eastover, for trial. At this time Glover's attorney made a motion for a change of venue of the case, which was granted by Magistrate Scott, who made on the warrant this indorsement :

"Transferred to J. B. Weston for June 20, 1916, at 12 o'clock M. 6-14-16. J. S. Scott, Magistrate."

On June 20, 1916, W. H. Glover and his attorney appeared in the Court of the Magistrate Weston, at Gadsden, Richland county, S.. C., for trial. Heyward did not appear, and Magistrate Weston did not notify him to appear or that case would be tried in his Court on that day. But it does appear that Heyward was present in Magistrate Scott's

Court when the motion to change venue was made and granted and order made transferring the case to Weston and indorsement made on the warrant. Magistrate Weston made the following order on the warrant:

"This case was called by me at Gadsden under a change of venue from Magistrate J. S. Scott, of Eastover. At the call of the case the prosecutor failed to appear, and, upon motion of defendant's attorney, the same was dismissed for lack of prosecution, and there being no evidence to sustain the charge. J. B. Weston, Magistrate. Gadsden, S. C., June 20, 1916."

After this, on July 12, 1916, the action for damages for malicious prosecution was commenced, and after issue joined the case came on for trial, and at the conclusion of the evidence in the case a motion was made by the defendant for a directed verdict in his favor upon the ground that the evidence showed that the criminal prosecution had been terminated without notice to the defendant at the time and place of hearing thereon, and that such a termination was improper and insufficient in law to satisfy that element of the action. The motion was refused. The Judge charged the law in the main correct, and the defendant was in no manner prejudiced thereby.

Magistrate Weston had jurisdiction of the case, and dismissed the charge and discharged Glover, and that terminated the case as far as the warrant was concerned. His order was binding, and released Glover, and then Glover had the right to commence his action for damages.

Heyward was not estopped from showing at the trial of the civil suit if he could that Glover was guilty of the larceny as charged in the warrant to defeat or mitigate the damages asked for by Glover or to show that he was not actuated by malice, but had reasonable probable cause when he swore out the warrant charging Glover with larceny. But he seemed to have relied alone

on the fact that he or his witnesses were not notified to appear in Weston's Court on the day fixed for the hearing.

We cannot agree with the unfavorable comments made upon Magistrate Weston. He is a magistrate duly commissioned, vested with judicial powers, holding an office provided by the fundamental and organic law of the State, to wit, the Constitution, and held by the highest Court of the State to be "a Judge." There is nothing to show that he acted other than that of a capable, upright Judge in the record before us. The State was the prosecutor, and Heyward, who swore out the warrant, was only a witness. Magistrate Weston had every right to assume that Heyward, who was present prosecuting when the motion was made and indorsement made changing the venue and fixing the time for trial, knew or ought to have known without further notice that the case would be disposed of at the time then fixed. Glover had rights in the premises, and there is nothing to show that Weston did anything other than he had a right to do in the exercise of his discretion to do as he did, call the case and make disposition of it.

We do not think that his Honor committed any error of law in his charge to the jury, and that he was in error in granting the new trial, and that the order appealed from should be reversed, and plaintiff allowed to enter up judgment as found by the jury.

Order appealed from reversed.