13835

PARKER v. BOSWELL *ET AL.*

(174 S. E., 234)

Before STOLL, J., Clarendon, July, 1933.

412

*Messrs. Dinkins & Stukes,* for appellant, 

*Mr. W. C. Davis,* for respondent.

April 18, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

A Ford truck, in which the plaintiff, Mrs. Parker, was riding, being operated by her husband, and a Chevrolet coach of the defendant, Boswell, being driven by Ridgeway, had a collision, and, as a result, the plaintiff suffered personal injuries. She sued Boswell and his automobile, and caused the machine to be attached.

In the complaint and answer, as is usual in such cases, there were charges of negligence, recklessness, and willfulness on the part of each party against the driver of the other vehicle.

The verdict and judgment, in the Court of Common Pleas for Clarendon County, were favorable to the plaintiff, and therefrom the defendant has appealed.

It is charged, in the first exception, that the trial Judge erred in giving the jury the following instructions: "That it is not disputed, it is admitted that Ridgeway was the agent working for Boswell. So when I say the defendant, I mean that whatever he did was what Boswell did." The alleged error is to the effect that the instructions did not take into consideration the legal principle that the act of the agent must have been shown to be within the scope of his agency before the principal could be liable.

The first paragraph of the complaint contained allegations to the effect that the automobile of the defendant Boswell, at the time of the collision, was being used "for the purpose of getting clothing and other articles to be cleaned," in his dry cleaning business, and that the automobile, at the time, was being driven by Boswell's "servant and employee, one

Ridgeway." In the answer, it was said the defendants "admit the allegations contained in Paragraph 1 of the complaint."

During the charge, just before he used the language now complained of by the appellants, the trial Judge said, "I don't believe it is disputed that Ridgeway was working for the defendant Boswell," and, to that statement, one of the counsel for the defendants replied, "No, sir." In view of the admission contained in the answer, and the further admission of counsel during the charge, it is impossible to hold that the exception is meritorious.

In charging the jury, the trial Judge said: "They (referring to the plaintiff), only have to prove one element of negligence, that is sufficient." In their second exception, the appellants allege that the use of the word "element" was confusing to the jury and prejudicial to the appellants, for the plaintiff had to do more than prove "one element of negligence"; she had to prove at least one specification of negligence, as alleged in the complaint. It is clear that, in his use of the words "one element of negligence," the trial Judge intended to tell the jury that it was only required of the plaintiff that she establish "one specification of negligence," as alleged in her complaint. Before using the language now complained of, the Court had gone at length into the rule of the law that the plaintiff must establish at least one "specification" (using that word repeatedly), of negligence as the proximate cause of the injuries alleged to have been sustained by her. The use of the word "element," rather than "specification," was a mere inadvertence, and, from a reading of the whole charge, we feel quite sure that the jury were not misled or confused thereby.

The third and fourth exceptions may be disposed of together. The third imputes error for the failure of the Court to charge the jury that "wilful contributory negligence by the plaintiff would prevent her from re-

covering against defendants even though the defendants were guilty of wilful negligence."

The fourth alleges that it was reversible error for the Court to fail to charge that, "if the driver of the plaintiff's truck was engaged in a common enterprise with her, or acting as her agent, and within the scope of his agency she would be responsible or liable for his acts."

Conceding with the appellants that the legal principles, referred to in their exceptions, would have been applicable, about which matter, under the record, there is doubt, we cannot sustain either of the exceptions, for these reasons: The trial Judge charged at much length on all the issues he thought involved in the cause, laying down what he conceived to be all the applicable legal principles. There was not submitted to him before he began his charge, as required by the Court's rules, or at any other time, any written request for instructions on the part of the appellants. At the conclusion of the charge, covering, undoubtedly, as he thought, all possible phases of the case, the Judge inquired if there was anything else desired to be charged, and the attorneys for both parties said there was "nothing else." Even if the legal principles adverted to by the appellants were not sufficiently covered in the charge, and were applicable, the appellants having failed to especially call those principles to the attention of the Court, when they were invited so to do, cannot now make just complaint, and it must be deemed that they have waived any error that possibly occurred.

The judgment of this Court is that all the exceptions be overruled, and the judgment, appealed from, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.