14161

BYUS *ET UX.* v. EASON *ET AL.*

(182 S. E., 442)

176

*Messrs. Joseph W. Mansfield* and *Lanham & Lanham,* for appellant,

*Messrs. L. G. Southard* and *John L. Lancaster,* for respondents,

November 6, 1935.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was instituted by Mrs. Giles Byus and her husband, Giles Byus—the latter being joined merely as a nominal party by reason of the relationship—against the defendants, and was tried before his Honor, Judge T. S. Sease, and a jury in Spartanburg County. The complaint contained, separately stated, three causes of action.

The first cause of action alleged malicious prosecution, which was based upon a warrant sworn to by the defendant Eason, and issued by a local magistrate, charging the plaintiff Mrs. Byus with the larceny of two bed sheets and one pillowcase. On this cause of action the jury awarded the plaintiffs a verdict of $500.00. The second cause of action alleged slander, in that the words spoken of the plaintiff Mrs. Byus were: "That this plaintiff had stolen his sheets and pillowcases; and that he intended to put her in jail for it," and on this cause of action the jury awarded a verdict of $50.00. The third cause of action charged slander, in that appellants said of respondent "that she was a damn crook," and on this cause the jury awarded a verdict of $25.00.

The answer of the two defendants generally denied the allegations of the complaint, but later, by an amended answer, they alleged: "That if the said defendant, H. W.

Eason, made any such statement as is alleged in the said complaint, the said statement was as follows: 'Anybody that will jump their rent and deny that they owe it, and take away a man's things, is a crook; and I am going to prosecute them for it.' And that the said statement, if so made, is true.' "

The two defendants were joint owners of an apartment house, and the plaintiff had been their tenant; and it was after she vacated the premises that the alleged theft was discovered. Throughout the complaint the allegation made and repeated that the defendant W. H. Eason, with reference to the matters and things alleged, not only acted for himself, but also for his co-defendant, E. R. Gray. No motion was made by the defendants for either a nonsuit or a directed verdict. A motion was made for a new trial upon the grounds set forth in the record, but was overruled by the trial Judge.

The defendants appeal to this Court upon seven exceptions, the first two of which may be considered together.

Error is imputed to the trial Judge for his alleged refusal to hear appellants' motion for a continuance of the case when it developed, during the trial, that it was impossible for the appellant E. R. Gray, on account of his alleged illness, to be present; he being a most material witness also for his co-defendant, Eason. It would seem that this exception is based upon a misapprehension. When the case was called for trial, both plaintiffs and the defendants announced themselves ready, and the trial was entered upon. When the ninth and last witness for the plaintiff was testifying, the attorney for the appellants interrupted the trial with the statement that the defendant Gray had been sent for, "And I was going to see if anything would develop that would make it necessary for him to be here, or see if counsel take a nonsuit. We have a doctor's certificate. We thought he would be here, that he could be here this morning."

When the presiding Judge requested to know what his motion was, defendants' attorney replied: "My motion is

anything with reference to the defendant, E. R. Gray. I want to introduce this (doctor's certificate); he is unable to be in Court."

· At this stage of the trial no motion was made for a continuance, and the case proceeded. A little later, during the examination of the same witness, and just before plaintiffs rested their case, the appellants' attorney again interrupted the trial, and then made a motion to continue the case upon the ground of the defendant Gray's absence on account of illness, stating to the Court that this defendant "was sick yesterday, and we didn't make a motion for a continuance on account we thought he would be ready this morning."

The motion for continuance was overruled, and we think properly so.

Motions for a continuance are addressed to the sound discretion of the trial Judge, and this Court will not upset his ruling unless it manifestly appears that there was an erroneous exercise of his discretion. This rule is so well established that it is needless to cite supporting authority for the proposition. Without commenting further, we think under the circumstances related that the trial Judge was entirely justified in refusing the motion.

It is next contended that the verdict of the jury was based upon prejudice, passion, and caprice, and not upon any proof of damage. This ground was urged before the trial Judge as a basis for a new trial. In overruling this motion the Circuit Judge states in his order: "The verdict was not based on prejudice, passion, or caprice. Matter of fact, I thought considering the facts of the case, that it was exceedlingly reasonable in each of the three separate causes of action, and I approve of the findings of the jury in each of the three causes of action."

The matter of granting a new trial on the grounds stated is left under our law to the discretion of the trial Judge, who hears the evidence, sees the witnesses, and who is in much better position than this Court

to judge of the righteousness of verdicts. We have read the testimony, however, and our views on this question are in full accord with those expressed by the Circuit Judge. He did not abuse his discretion in refusing a new trial on this ground.

In the third exception it is charged that his Honor, while instructing the jury with reference to probable cause in an action for malicious prosecution failed to charge that malice must be shown. The charge of the presiding Judge must be considered in its entirety. All applicable propositions of law cannot be included in one statement. His Honor, in that portion of his charge just prior to the one complained of had fully instructed the jury with reference to the necessity on the part of the plaintiff to show malice. He stated: "The plaintiff must show there was no probable ground showing she was guilty of larceny, no probable ground, and that the defendant was prompted to prosecute her by express malice towards her."

Not only in this, but in other portions of his charge the trial Judge defined and fully charged the law on the question of malice.

Exception 4 raises practically the same question disposed of in Exception 3. The presiding Judge had clearly and accurately in a previous portion of his charge instructed the jury that the burden was upon the plaintiff to show by the preponderance of the evidence that there was an absence of probable cause and that the defendants were prompted to prosecute her by express malice and further that malice might be inferred from a want of probable cause.

It is next contended that his Honor erred in using the word "different" instead of the word "separate" in instructing the jury that it should find a "different" finding on each of the three causes of action. We have carefully read the entire charge of the presiding Judge to the jury and we do not think this exception is well taken. It is

true that the trial Judge did use the word "different"; but we do not think that this could have resulted in confusing the minds of the jury, because in other portions of his charge he had made his meaning very clear, for instance: . "I am going to ask you to make a finding on each cause of action, a different finding on each cause of action, that is, there must be three verdicts, because there are three causes of action." And again: "Those are the three causes of action I am asking you to pass upon in three *separate* findings, three *separate* verdicts."

This exception is overruled.

It is next contended that his Honor confused the law of malicious prosecution with that of slander, and failed to distinguish clearly the law applicable to the three causes of action alleged with reference to actual damages and punitive damages. No specific error is pointed out, and these two exceptions are too general for consideration. But waiving this we may say that they are not well taken.

The sixth and seventh exceptions, involving the same ground of appeal, may be considered together. For a clearer understanding of the issue here raised it is well to set out Exception 6 in full: "(6). In that his Honor erred in charging the jury as follows: 'Probable cause means the evidence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted,' when his Honor should have charged the jury as follows: 'Probable cause means the evidence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, *at the time of the swearing out of the warrant for the arrest,* that the person charged was guilty of the crime for which he was prosecuted.' "

It would seem that the quoted excerpt from the charge itself is a refutation of the exception.

It was held in the case of *China v. S. A. L. Ry. Co.*, 107 S. C., 179, 92 S. E., 335, 337, that: "Probable cause means the existence of such facts and circumstances as would excite the belief in a reasonable mind, *acting on the facts within the knowledge of the prosecutor,* that the person charged was guilty of crime for which he was prosecuted."

It will be noted that this is the exact language used by the trial Judge in the above-quoted portion of his charge. The appellants contend that the charge should have been amplified with reference to the time of the acquirement of facts giving knowledge, and that the jury in its consideration of the facts and circumstances should have been more pointedly confined to those facts within the knowledge of the defendants at the time of the swearing out of the warrant in question. The appellants emphasize in their brief that the trial Judge under this charge permitted the jury to consider all the facts developed on the trial, whether they were present to the minds of the defendants at the time of the issuance of the warrant or afterward. We do not think the charge can be successfully assailed on this ground. When the defendants caused a warrant to be issued against Mrs. Byus, they could only have acted upon knowledge or supposed knowledge of facts then in their possession. The charge of the trial Judge by no process of reasoning could have misled the jury into believing that they should in passing upon the issue of probable cause take into consideration any facts or circumstances developing after the issuance of the warrant. These exceptions must be overruled.

But aside from all this, the appellants are in no position to complain of this alleged omission in the charge of the presiding Judge. At the close of the testimony, and before arguments of counsel were commenced in this case, he requested the attorneys on each side to submit any special request in writing which they desired him to make. None were submitted. When he concluded his charge, he inquired if there was anything else that the at-

torneys wished to call his attention to. The attorney for the appellants answered that the trial Judge had covered the law, and made no suggestion of any kind.

If the appellants desired any further or fuller instructions than those which were given by the Circuit Judge, they would have requested such instructions when invited to do so. *Jeffords v. Florence County,* 165 S. C., 15, 162 S. E., 574, 81 A. L. R., 313; *Parker v. Boswell,* 172 S. C., 411, 174 S. E., 234.

All exceptions are overruled.

The judgment of this Court is that the judgment appealed from be, and hereby is, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.