### MRS. GERTRUDE MOONEY v. V. T. MULL.

(Filed 1 November, 1939.)

**1. Malicious Prosecution § 1—**

> The essential elements of a cause of action for malicious prosecution are the institution or the procurement of the institution of a criminal prosecution by defendant against plaintiff, without probable cause, with malice, and the termination of the prosecution in favor of plaintiff.

**2. Malicious Prosecution § 7b—Plaintiff's guilt of the crime for which she was prosecuted is germane to question of probable cause.**

> When, in an action for malicious prosecution, defendant elects to challenge plaintiff's allegation of want of probable cause in fact, all the evidence tending to show plaintiff's guilt of the crime for which she was prosecuted is competent upon the question of probable cause, and an instruction confining the jury's consideration to the evidence of guilt within the knowledge of defendant at the time of instituting the prosecution is error.

**3. Same—**

> When, in an action for malicious prosecution, plaintiff's innocence is conceded or not challenged, evidence of innocence would not be competent to show want of probable cause, since in such event probable cause must be determined accordant with the facts and circumstances within the knowledge of defendant at the time of instituting the prosecution.

**4. Malicious Prosecution § 7a—**

> The absence of facts and circumstances tending to show plaintiff's guilt within the knowledge of defendant at the time of instituting the prosecution, to the exclusion of facts later coming within his knowledge tending to show guilt, is competent upon the question of malice.

**5. Malicious Prosecution § 11—**

> Compensatory damages recoverable in an action for malicious prosecution are those proven by plaintiff, and a charge correctly stating the rule for the admeasurement of damages, followed by an instruction that the amount thereof rested largely in the discretion of the jury because of the difficulty of ascertaining the pecuniary equivalent of mental suffering and humiliation, is error.

APPEAL by defendant from *Armstrong, J.,* at June Term, 1939, of BURKE. New trial.

This is a civil action to recover damages for malicious prosecution.

The defendant applied to a magistrate for a warrant against Lawrence Deal and Annie Brown, charging them with the crime of fornication and adultery. At the same time he applied for a search warrant against E. M. Aiken. The warrant was issued against Aiken in which the name of the plaintiff did not appear. Later the defendant signed another warrant against Aiken at the request of the magistrate. The record does not disclose the exact nature of this warrant, but, apparently, it is

the warrant under which plaintiff was tried. At the preliminary hearing the plaintiff's name was inserted therein after the affidavit was signed by the defendant.

A preliminary hearing was held against the plaintiff and said Aiken on the charge of fornication and adultery and probable cause was found. At the trial in the county court the plaintiff and her codefendant in the warrant were acquitted. Thereupon the plaintiff instituted this action to recover damages for the alleged malicious prosecution. There was verdict and judgment for the plaintiff and defendant appealed.

*Bagby & Swift and C. E. Cowan for plaintiff, appellee.*
*Mull & Patton for defendant, appellant.*

BARNHILL, J. To establish her cause of action the plaintiff must prove: (1) That the defendant instituted or procured the institution of a criminal prosecution against her; (2) that the prosecution was without probable cause; (3) that it was with malice; and (4) that it has terminated in favor of the plaintiff herein.

The court charged the jury in part as follows: "You are not trying a fornication and adultery suit but as to whether the facts and circumstances within the knowledge of the defendant at the time he instituted or caused to be instituted, if you find he did institute or cause to be instituted, a criminal proceeding before a justice of the peace such as to lead a man of ordinary caution and prudence to believe or entertain an honest strong suspicion that the defendants were guilty of fornication and adultery."

When the plaintiff instituted this action she tendered the issue of her innocence, notwithstanding her acquittal in the original prosecution, and must fail in her action if that innocence can be disproved, whether the prosecutor acted with malicious motives or not, and whether or not he knew of the facts establishing the plaintiff's guilt. Evidence tending to prove the actual guilt of the plaintiff is therefore always admissible in favor of the defendant. 18 R. C. L., 57. If a criminal is fortunate enough to escape conviction he should rest content with his good luck and not belabor one who suspected his guilt and acted accordingly. To limit the inquiry on the issue of want of probable cause to the facts and circumstances within the knowledge of the defendant herein at the time of the issuance of the warrant, as was done in the charge, deprives him of the benefit of all evidence which may have come to his knowledge after the prosecution and denies him the right to present facts which might·conceivably, in many cases, tend to prove conclusively the actual guilt of the plaintiff in a malicious prosecution action.

The plaintiff has alleged that there was no probable cause for her prosecution. When there is evidence tending to show guilt this issue is

to be determined as of the date of the trial and the defendant is entitled' to protect himself by any additional facts tending to show that the plaintiff was guilty though he might not have known them when he began the prosecution. *Thurber v. Loan Assn.,* 118 N. C., 129; *Johnson v.. Chambers,* 32 N. C., 287; 18 R. C. L., 57. To hold otherwise would make it possible for a guilty person, who through some fortuitous cir-- cumstances has been acquitted, to vex his prosecutor with a suit for malicious prosecution merely because the prosecutor was not advertent to all the incriminating facts at the time he instituted the prosecution,. and to recover damages for a prosecution that was justified upon all the facts.

We are not inadvertent to a number of former decisions in which it is. stated that the question of probable cause depends upon the facts and circumstances which were known to the prosecutor in the criminal action at the time he instituted the prosecution. Such statements have reference to the converse proposition. Where the innocence of the plaintiff is conceded, or is not challenged, evidence of innocence may not serve to impeach or contradict the facts and circumstances within the knowledge of the defendant at the time he instituted the prosecution, though evidence of innocence and proof of absence of incriminating circumstances are competent and proper to aid the jury in determining whether the prosecutor at the time of the institution of the prosecution had such information as would justify his action under the law.

So that in the trial of a civil action for malicious prosecution the defendant may elect to attempt to challenge plaintiff's allegation of want of probable cause in fact, in which event probable cause is to be determined from all the evidence. Or, he may rest upon his good faith in the prosecution on the facts and circumstances .within his knowledge at. the time of the issuance of the warrant, in which event, the nonexistence of probable cause for the prosecution depends upon proof that the facts. and circumstances within the knowledge of the defendant at the time he instituted the prosecution were not such as to lead a man of ordinary caution and prudence to believe or entertain an honest strong suspicion that the plaintiff in the criminal action was guilty of the crime charged.. *Smith v. Deaver,* 49 N. C., 513; *Wilkinson v. Wilkinson,* 159 N. C., 265, 74 S. E., 740; *Motsinger v. Sink,* 168 N. C., 548, 84 S. E., 847. The defendant in this cause elected to rely upon testimony he asserts tends to show plaintiff's actual guilt. Under these circumstances he was. entitled to the benefit of all evidence pertinent on that question.

Although the defendant may protect himself in this action by any additional facts which may have come to his knowledge since the prosecution, evidence that he instituted the prosecution when he did not know of facts and circumstances sufficient to constitute probable cause is evi-

dence of malice. Consequently, evidence of the want of probable cause within the knowledge of the defendant at the time he instituted the prosecution is always competent. *Humphries v. Edwards,* 164 N. C., 154, 80 S. E., 165; *Bowen v. Pollard,* 173 N. C., 129, 91 S. E., 711.

On the issue of damages the court correctly stated the rule under which the jury should arrive at the amount, if any, they should award the plaintiff. In addition thereto, however, it charged the jury: "That the damages that the plaintiff may recover in a malicious prosecution suit, if any, are usually by the very nature of the wrong, incapable of actual measurement and must rest largely in the discretion of the jury. The court charges you that there is no precise measure of damages in a case of this sort; it is difficult to ascertain the exact equivalent in money for bodily or mental or physical suffering or humiliation or disgrace and mental pain, and that such damages, if any, must rest largely in the discretion of the jury."

Damages are awarded in the discretion of the jury only on an issue of punitive damages. If the plaintiff is to recover the jury must ascertain the amount of the recovery from the evidence under the rule the court first correctly stated. If she is unable to establish any right to compensatory damages by reason of the nature of the suit, that is her misfortune. The jury must not be permitted to award actual damages on a discretionary basis.

For the reasons stated there must be a

New trial.