### GARDNER et al. v. BANK OF PINEHURST.

District Court, M. D. North Carolina.

Oct. 4, 1940.

P. A. Murray, Jr., of Cheraw, S. C., James E. Leppard, of Chesterfield, S. C., Herbert F. Seawell, Jr., of Carthage, N. C., and B. M. Covington, of Wadesboro, N. C., for plaintiffs.

Knight & Arant, of Chesterfield, S. C., and U. L. Spence, of Carthage, N. C., for defendant.

HAYES, District Judge.

Each of the plaintiffs instituted an action against the defendant to recover $12,500 damages for malicious prosecution. Each plaintiff is a citizen and resident of South Carolina and the defendant is a North Carolina banking corporation, chartered under the laws of North Carolina, with its principal place of business at Pinehurst, in the Middle District of North Carolina.

A pretrial conference was held in Rockingham, N. C., September 3, 1940, at which time the cases were, by consent, consolidated and certain stipulations were entered as appear of record. Neither party having asked for a trial by jury when the cases came on for trial at the September term, the court proceeded to hear the evidence. From the evidence and the stipulations the essential facts are:

On December 26, 1932, the Bank of Pinehurst, after personal service, obtained a judgment in the Superior Court of Moore County, North Carolina, a court of competent jurisdiction, against Percy L. Gardner and his son, L. L. Gardner, for the sum of $1,950 with interest at 6% from April 24, 1932 until paid, subject to a credit of $25 on May 25, 1932, which is still due and unpaid.

Shelby F. Cullom was executive vice-president of the bank and in charge of handling this business for the bank. He employed a local attorney, W. A. Leland McKeithan, a duly licensed and reputable attorney, practicing in North Carolina, to take appropriate steps to collect the judgment. They then employed J. A. Knight and Paul M. Arant, duly licensed and reputable practicing attorneys of Chesterfield, S. C., in connection therewith.

On July 2, 1938, the Bank commenced an action in the Court of Common Pleas of Chesterfield County, S. C., against Percy L. Gardner and L. L. Gardner to obtain a judgment in South Carolina on the judgment previously obtained in North Carolina. The Gardners were served with process, filed an answer and the action is still pending.

Mr. Cullom obtained information from the cashier of the Bank of Hartsville on or about August 12, 1938, which convinced

him that Percy L. Gardner was carrying a bank account in the name of Pine Products Distributing Company, making the principal deposits and signing all the checks. Cullom communicated this information to his attorneys and authorized an attachment against the bank account of Percy L. Gardner, trading as Pine Products Co. That proceeding was instituted September 2, 1938. Percy L. Gardner's wife and eight children (being all of his children except L. L. Gardner) intervened and on oath averred that Pine Products Distributing Company was a partnership composed solely of themselves and that Percy L. Gardner and L. L. Gardner were not partners therein. The court in that proceeding ruled that it would dismiss the attachment unless the Bank would execute the bond in behalf of the interveners. The Bank's attorneys investigated the premises of the Pine Products Company and the Clerk's office in the County where the principal office was located but found no sign on the premises or information in the Clerk's office as to the names of the partners of Pine Products Company. The bank declined to give additional bond and the attachment was dismissed at the cost of the Bank. The fund attached was only $207.28.

Cullom, McKeithan, Knight and Arant discussed the facts and all three of the attorneys were convinced that the South Carolina Statute made the members of the copartnership guilty for failing to print their names and exhibit the same at their principal place of business and to file with the clerk of the court of that County the names of the partners as required by the Statute. It appears that Cullom left it to his attorneys to handle as they saw proper. The matter was submitted to the solicitor and upon his advice, Arant went before a justice of the peace and made oath on August 1, 1939, charging plaintiffs with conducting a business known as Pine Products Distributing Company, a partnership, with its principal place of business at Patrick, S. C., "Without exhibiting a sign on the premises of said place of business showing the names of the several partners, neither have they filed such information with the clerk of court of Chesterfield County, S. C. thereby violating Sections 7825, 7827 and 7828 of the Code of South Carolina, for 1932."

When plaintiffs heard that the warrant had been issued, they filed an appearance bond to appear in the court of General Sessions for Chesterfield. The Solicitor was of the opinion that the plaintiffs were guilty of the offense and submitted a bill of indictment to the grand jury which returned a true bill on the testimony of Arant and McKeithan, although Cullom was marked as a witness and had carried McKeithan from Pinehurst, N. C., to Chesterfield, S. C., and would have testified if he had been called.

The attorneys for the plaintiffs called the Solicitor's attention to Kaufman v. Carter, 67 S.C. 312, 45 S.E. 211, whereupon the Solicitor announced in open court at September term, 1939, that he could not get along with this prosecution as the Supreme Court held in that case that the Statute applied only to limited partnerships. He thereupon announced a nol. pros. which the Bank alleges was allowed by the court and the defendants were released. No order to that effect appears on the minutes of the court.

A list showing the names of the partners was duly probated and filed with the clerk of the court for Chesterfield County on August 7, 1939.

Before starting the prosecution Knight asked the Solicitor if the case could be dropped in the event it was decided not to prosecute it and he said it could be. The failure of the partners of Pine Products Company to comply with the Statute caused the Bank to institute the attachment proceeding and the Bank incurred costs which it had to pay on account thereof. There is no evidence justifying a finding that the Bank had any ulterior motive in the institution of the criminal proceeding. Although plaintiffs allege that the Bank maliciously instituted the criminal case for the purpose of collecting the debt of Percy L. Gardner, no evidence was produced to sustain the allegation.

Granting that the Bank is responsible for the institution of the criminal prosecution—while it did not expressly authorize it, still it assented to it and ratified it—the plaintiffs are not entitled to recover because the evidence conclusively establishes the existence of probable cause. The essential facts are not in dispute: Plaintiffs were partners in an industrial establishment doing business as Pine Products Distributing Company and failed to exhibit a sign with their names at its principal place of business and failed to file the requisite information with the clerk of court for that county. The only element unsolved was a legal question of the application of the Statute.

The two lawyers in South Carolina and the one from North Carolina were convinced that the Statute applied. The Solicitor who was in every way disinterested, so advised and so believed; the attorney for the plaintiffs evidently thought so, for the Statute was complied with on August 7, before the Solicitor entered the nol. pros. The advice was sought in good faith and was given in good faith. If a layman is to be held responsible in damages for instituting a criminal proceeding on admitted facts and the advice of counsel that those facts constitute, as a matter of law, a violation of a criminal statute, it would unduly discourage citizens from bringing criminals to justice.

Probable cause means "the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of crime for which he was prosecuted." Byus v. Eason, 178 S.C. 175, 182 S.E. 442, 445; National Surety Co. v. Page, 4 Cir., 58 F.2d 145 at page 149; Wheeler v. Nesbitt, 24 How. 544, 551, 16 L.Ed. 765. Under the law of South Carolina where the cause of action arose which controls in these cases, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it is necessary for plaintiffs to show want of probable cause. China v. Seaboard Air Line Ry., 107 S.C. 179, 92 S.E. 335. And this is in accord with the weight of authority.

The advice of counsel is pertinent on the issue of probable cause. Hogg v. Pinkney, 16 S.C. 387; Van Meter v. Bass, 40 Colo. 78, 90 P. 637, 18 L.R.A.,N.S., 49 and note; Simmons v. Gardner, 46 Wash. 282, 89 P. 887, L.R.A.1915D, pages 16 and 85; Downing v. Stone, 152 N.C. 525, 68 S.E. 9, 136 Am.St.Rep. 841, 21 Ann.Cas. 753; National Surety Co. v. Page, supra. In Downing v. Stone, supra, it is said [152 N.C. 525, 68 S.E. 11, 136 Am.St.Rep. 841, 21 Ann.Cas. 753] : "And where it is proven that legal advice was taken by a prosecutor, this, too, is a relevant circumstance in connection with other facts, admitted or established, to be considered by the court in determining the question of probable cause. Morgan v. Stewart, 144 N.C. 424, 57 S.E. 149; [Pittsburg, J., E. & E.] R. R. v. Hardware Co., 143 N.C. [54] 58, 55 S.E. 422."

The restricted use of the advice of counsel both in North Carolina and South Carolina is not in accord with the weight of authority and is so recognized in the above case. However, all the authorities agree on the definition of probable cause. If probable cause exists when the prosecutor possesses knowledge of such facts and circumstances as would excite the belief in a reasonable mind that the person charged is guilty of the offense, by what process may the reasonable mind be influenced to such a conclusion? The prosecutor must depend, in most cases, on witnesses by whom he expects to prove the requisite facts and circumstances; in like manner, he must rely on the opinion of men learned in the law whether such facts, if established, constitute the violation of a statute. Here the defendant was in possession of facts undisputed and the lawyers, including the solicitor, at that time in good faith believed and so advised that these facts constituted a violation of the Statute. The defendant relied on that advice; it believed the advice correct, and in doing so, had probable cause.

These plaintiffs face another insuperable difficulty. The evidence and the law, in my opinion, are incompatible with any conclusion other than their guilt of the offense charged. Notwithstanding a termination of the criminal charge in favor of the plaintiffs, the defendant may show that the plaintiffs were guilty of the offense charged. Glover v. Heyward, 108 S.C. 486, 94 S.E. 878; Mooney v. Mull, 216 N.C. 410, 411, 5 S.E.2d 122, 125 A.L.R. 893; 18 R.C.L. 57. Here the criminal case terminated by the action of the solicitor who took a nol. pros. on the authority of Kaufman v. Carter, 67 S.C. 312, 45 S.E. 211. That decision was made August 14, 1903 and construed the statute which then provided: "Every mercantile partnership in this State, in addition to a proper or conspicuous sign board or plate containing the name and style of the firm, shall post up and keep posted up in some conspicuous place at the business stand, etc." Rev.St. 1893, § 1432.

The section as pointed out by Judge Wood in Kaufman v. Carter was one of twenty-six sections of an Act dealing entirely with limited partnerships and it was then decided that the section, when construed in the light of the sections accompanying it and the purposes of the Act, clearly limited the section to limited partnerships. The conclusion reached by the court was inescapable. But in 1918 the

Legislature of South Carolina enacted a law being Act No. 511–1918, dealing with all *mercantile* and *industrial* establishments, other than corporations; and requiring them to disclose the names of the owners and provided penalties for failure to do so. The Act contained five sections, the pertinent part of the first section is: "All mercantile and industrial establishments, other than lawfully chartered incorporations, having a place or places of business in this State shall file with the Clerk of Court of the county in which the principal place of business of each mercantile and industrial establishment is located, the name or names of the owner or owners, proprietor or proprietors thereof, and in case of copartnerships the name of each and every partner having any interest therein, and shall exhibit on a sign over or alongside the entrance of each place of business of each mercantile or industrial establishment the name or names of the owner or owners, proprietor or proprietors thereof, including the name of each partner of a copartnership * * *".

Section four provides: "Any person violating any of the provisions of this Act shall be guilty of a misdemeanor."

The provisions of the Act of 1918 were incorporated into the 1922 Code under the chapter entitled "Limited Partnerships", and the same way in the present Code of 1932, being present sections 7825, 7827 and 7828. These sections superseded the somewhat similar sections of the original Act dealing with limited partnerships.

It is urged by the plaintiffs that the 1932 Code constituted the only statutory law on the subject and that the Act of 1918 is superseded by the Code. In support of this contention my attention is called to Act No. 602 of 1932, Act Feb. 6, 1932, 37 St. at Large, p. 1125, which amongst other things provides: "That the Report of the Code Commissioner made to the General Assembly for the year 1931, pursuant to requirements of Section 5, Article VI, of the Constitution of 1895, and with such addition of the general statutes of 1931, and with such eliminations, corrections, general make up and arrangement made under and by virtue of the Act No. 127 of the General Assembly, approved the 24th day of March, 1931, in accordance with the Report of the Code Commissioner and the Committee on Statutory Laws to the General Assembly for the year 1932, hereto attached, be, and the same is hereby, adopted as the Code of Laws of South Carolina, 1932; and said code is hereby declared to be the only general statutory law of the State on the 12th day of January, 1932."

The confusion arises by placing the provisions of the Act of 1918 in the Chapter on Limited Partnerships. But the reasoning of Kaufman v. Carter, supra, would now compel the conclusion that the section in question is applicable to every mercantile or industrial establishment in South Carolina except corporations. The law when construed by Kaufman v. Carter, supra, specified, "every mercantile partnership in this state" which clause, as a part of an Act dealing only with limited partnerships, was deemed applicable only to, "every limited partnership mercantile establishment".

The Act of 1918, on the other hand, dealt with every mercantile or industrial establishment in the state except corporations. Where language is clear and unmistakable, as it is here, the courts have no occasion to search elsewhere for aid in the construction of the statute. The subject matter was within the scope of legislative enactment and it is inconceivable that the legislature would have used such sweeping and all embracing language including every establishment except corporations if the section was to apply only to limited partnerships. As was well said in State v. Bell, 184 N.C. 701, 115 S.E. 190: "It is the duty of the court, in construing statutes, not to make the law, but to expound it, and to that end to ascertain and give effect to the intention of the Legislature."

The 1932 Code incorporates the Act of 1918. The placing of these provisions in the chapter on limited partnerships cannot be considered to control the plain provisions of the Statute. Tillman v. Tillman, 84 S. C. 552, 66 S.E. 1049, 26 L.R.A.,N.S., 781. If the meaning were in doubt, resort could be made to the statutory history, if necessary. Rookard v. Atlanta & C. Air Line Ry. Co., 89 S.C. 371, 71 S.E. 992; Rodgers, McCabe & Co. v. Bell, 156 N.C. 378, 72 S.E. 817.

It follows that the plaintiffs being partners of Pine Products Distributing Company, a partnership doing business in South Carolina, were required to comply with the Statute dealing with such establishments, and having failed to do so, were guilty of the offense with which they were charged which bars them from recovering damages for malicious prosecution.

732

The decision reached on probable cause makes it unnecessary to discuss malice or the question whether a nol. pros. by the solicitor without an order of discharge by the judge is a sufficient termination of the criminal case to warrant an action for malicious prosecution.