LUTHER PERRY DENNING v. DAVID H. LEE

No. 7711SC331

(Filed 7 March 1978)

1. **Malicious Prosecution § 1— elements of malicious prosecution**

　　To establish a cause of action for malicious prosecution, the plaintiff must show: (1) that defendant instituted or procured the institution of a criminal prosecution against him; (2) that such was without probable cause; (3) that the prosecution was with malice; and (4) that the prosecution was terminated in the plaintiff's favor.

2. **Malicious Prosecution § 13.2— evidence of collateral purpose—malice—absence of probable cause**

　　Plaintiff's evidence was sufficient for the jury in a malicious prosecution action where his evidence tended to show that defendant obtained a warrant charging plaintiff with assault on defendant's nephew, the assault charge was dismissed when defendant twice failed to appear in court, and defendant obtained the warrant against plaintiff in an effort to force plaintiff to pay medical expenses incurred by defendant's nephew as a result of injuries received while on plaintiff's property, the evidence of defendant's "collateral purpose" in prosecuting plaintiff being sufficient for the jury to find malice and the absence of probable cause.

APPEAL by plaintiff from *Gavin, Judge*. Judgment entered 2 February 1977 in Superior Court, HARNETT County. Heard in the Court of Appeals 8 February 1978.

This is a malicious prosecution action. The defendant answered plaintiff's complaint, denying liability. At the trial, plaintiff's evidence tended to show that: plaintiff is co-administrator of the estate of Mary C. Bryan; on or about the date in question the estate owned certain real property which adjoined real property owned by defendant; plaintiff's son lived

with his wife and child on the Mary C. Bryan property; a path led from a road across the Bryan estate to defendant's property; because traffic on the path bothered plaintiff's son, plaintiff on or about 27 April 1975 erected eight poles across the path; at a different point on the path, plaintiff also erected two poles connected by a chain and sign; on about the same date, Earl Harris, age 15, drove a motorbike down the path, collided with the chain, and sustained injuries; at some time after this accident, plaintiff told defendant that he would not pay any of the medical bills associated with the injuries to Earl Harris; and a controversy developed over the boundary location between the Bryan estate property and defendant's property.

The plaintiff's evidence further tended to show that: on 3 July 1975, upon the advice of his sister, Joyce Harris, defendant went to the magistrate's office and obtained a warrant charging plaintiff with assault, on which the plaintiff was arrested; on 18 July 1975 and again on 1 August 1975, defendant failed to appear in court on the warrant, and the criminal proceeding was dismissed by the State. At the close of plaintiff's evidence, defendant moved for a directed verdict. From an order allowing defendant's motion, plaintiff appeals.

*Doffermyre & Rizzo, by L. Randolph Doffermyre III, for plaintiff appellant.*

*Stewart and Hayes, by Gerald W. Hayes, Jr., for defendant appellee.*

ERWIN, Judge.

The plaintiff's sole assignment of error is that the trial court erred in allowing the defendant's motion for a directed verdict and in signing and entering its judgment. We agree. The grounds for the motion were that plaintiff had failed to show malice and lack of probable cause and that the warrant was defective. It is well settled that on a motion by a defendant for a directed verdict under Rule 50(a), the court must consider the evidence in the light most favorable to the plaintiff and may grant such motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971).

[1]   To establish a cause of action for malicious prosecution, the plaintiff must show: (1) that defendant instituted or procured the institution of a criminal prosecution against him; (2) that such was without probable cause; (3) that the prosecution was with malice; (4) that the prosecution was terminated in the plaintiff's favor. *Mooney v. Mull*, 216 N.C. 410, 5 S.E. 2d 122 (1939); *Falkner v. Almon*, 22 N.C. App. 643, 207 S.E. 2d 388 (1974). Counsel stipulated as to elements (1) and (4), and those elements need not detain us further.

In *Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446 (1931), Chief Justice Stacy stated:

"Evidence that the chief aim of the prosecution was to accomplish some collateral purpose, or to forward some private interest, *e.g.*, to obtain possession of property, or to enforce collection of a debt, and the like, is admissible, both to show the absence of probable cause and to create an inference of malice, and such evidence is sufficient to establish a prima facie want of probable cause (citations omitted).

The reason for holding that proof of a collateral purpose is sufficient to make out a prima facie want of probable cause, is based upon the hypothesis that a person, bent on accomplishing some ulterior motive, will act upon much less convincing evidence than one whose only desire is to promote the public good." 201 N.C. at 95.

*See also Cook v. Lanier*, 267 N.C. 166, 147 S.E. 2d 910 (1966).

The plaintiff called the defendant, David H. Lee, and his sister, Joyce Harris, to testify, and portions of their testimony are set out below:

David H. Lee—

Q. "Now, when did your sister tell you to take out the warrant?"

A. "Well, when Luther Perry Denning made the comment to me and the Mary Bryan Estate that he won't paying nary damn cent on the hospital or doctor . . . so then we proceeded to take out the warrant."

Joyce Harris—

Q. "What motivated you to tell your brother to take out a warrant?"

A. "Because he had told me that he had heard Luther Perry say that he wasn't going to pay a damn cent of hospital or for the doctor's or emergency room or anything like that and I said I think Luther Perry should pay some how or another."

Q. "And is this the reason you said, take out a warrant, so that it could help you in obtaining payments of medical bills?"

A. "Yes sir."

[2]   There was also evidence that the defendant had become quite agitated over the boundary dispute. Further, more than two months elapsed following the injuries to Earl Harris before the defendant sought to bring criminal charges. It appears to us that there was strong evidence of a "collateral purpose" in defendant's bringing the criminal prosecution, creating a "prima facie want of probable cause."

In *Cook v. Lanier, supra,* Chief Justice Parker observed:

"Of course a *prima facie* showing does not necessarily mean that the plaintiff is entitled to recover. *It is sufficient to carry the case to the jury* (emphasis added and citation omitted), and it is for the jury to say whether or not the crucial and necessary facts have been established." (Citations omitted.) 267 N.C. at 171.

Nor do we agree with the defendant's contention that the warrant was "defective" and therefore could not be made the basis of a malicious prosecution action. The defendant cites *Moser v. Fulk,* 237 N.C. 302, 74 S.E. 2d 729 (1953) in support of this argument. However, that case involved a warrant void on its face. Here the warrant was sufficient to charge the plaintiff with assault under G.S. 14-33(b)(1).

We hold that the plaintiff made a sufficient showing to carry his case to the jury and that it was error to grant the defendant's motion for a directed verdict.

Reversed and remanded.

Judges VAUGHN and MITCHELL concur.