JOHN CHARLES LAY, III v. DEBORAH A. MANGUM

No. 8714SC4

(Filed 6 October 1987)

1. **Malicious Prosecution § 11.1; Evidence § 15— malicious prosecution and intentional infliction of emotional distress — attempt to bribe witness — admissible**

  In an action for malicious prosecution and intentional infliction of emotional distress arising from a nonsupport warrant sworn out by defendant against plaintiff, the trial court did not err by allowing a biomedical laboratory employee to testify concerning plaintiff's alleged attempts to bribe the witness to tamper with the blood grouping test results. The testimony was not being introduced to prove plaintiff's character, and it was not extrinsic evidence in the form of testimony collaterally related to plaintiff's credibility, but was highly relevant noncollateral evidence of plaintiff's knowledge surrounding the particular facts and circumstances of the case. Moreover, a defendant in an action for malicious prosecution may gather and utilize all of the evidence which tends to show plaintiff's guilt of the crime for which he was prosecuted when defendant challenges plaintiff's allegation that the prosecution was instituted without probable cause. N.C.G.S. § 8C-1, Rules 404(b) and 608(b).

2. **Rules of Civil Procedure § 16— pretrial order — documents not listed as exhibits — not admitted**

  In a prosecution for abuse of process and malicious prosecution arising from a criminal nonsupport warrant sworn out against plaintiff by defendant,

the trial court did not abuse its discretion by not admitting plaintiff's indictment for soliciting perjury and an order quashing the indictment where plaintiff did not list the documents as known exhibits in the pretrial order. N.C.G.S. § 1A-1, Rule 16.

**3. Trespass § 2— intentional infliction of emotional distress—directed verdict for defendant proper**

The trial court did not err by granting defendant's motion for a directed verdict on plaintiff's claim for intentional infliction of emotional distress arising from a nonsupport warrant sworn out by defendant where plaintiff failed to present evidence of the requisite element of "extreme and outrageous conduct."

**4. Malicious Prosecution § 14— requested instruction denied—no error**

The trial court did not err in an action for malicious prosecution by denying plaintiff's request for an instruction regarding the presumption of the legitimacy of a child born in wedlock.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 21 August 1986 in Superior Court, DURHAM County. Heard in the Court of Appeals 25 August 1987.

This is a civil action instituted 5 August 1985 to recover damages for malicious prosecution and intentional infliction of emotional distress.

On 10 August 1984, defendant appeared before a Durham County magistrate and swore out a warrant against plaintiff charging him with nonsupport of an illegitimate child born unto defendant 22 May 1984. On 17 August 1984, plaintiff was arrested on this warrant. On 7 May 1985, blood samples were taken from plaintiff, defendant and the minor child at the Duke University Medical Center for the purpose of obtaining a scientific determination of the probability that plaintiff is the father of the minor child. On 29 May 1985, Dr. Wendell F. Rosse and Dr. Emily G. Reisner, by affidavit, certified their opinions, formed on the basis of the blood testing done at Duke University Medical Center, that plaintiff is not the father of the minor child. Thereafter, on 31 May 1985, the criminal charges against plaintiff were terminated in plaintiff's favor by the State taking a voluntary dismissal in the case. Thereupon, plaintiff instituted this action to recover damages for the alleged malicious prosecution and alleged intentional infliction of emotional distress.

At the close of all the evidence, the trial court granted defendant's motion for a directed verdict on plaintiff's claim for the

intentional infliction of emotional distress. The jury returned a verdict in favor of defendant on plaintiff's claim for malicious prosecution. Plaintiff appeals.

*Loflin & Loflin, by Thomas F. Loflin III and Dean A. Shangler, for plaintiff appellant.*

*Everette, Hancock, Nichols & Calhoun, by M. Jean Calhoun, for defendant appellee.*

JOHNSON, Judge.

[1] Plaintiff first contends that the trial court erred by allowing defendant's witness Sprenger, a biomedical laboratory employee, to offer testimony concerning plaintiff's alleged attempts to bribe the witness to tamper with the blood grouping laboratory test results which were used to prove plaintiff's non-paternity. We disagree. Plaintiff's argument is based upon an erroneous interpretation of two rules of evidence, to wit: G.S. 8C-1, Rule 608(b) and G.S. 8C-1, Rule 404(b). G.S. 8C-1, Rule 608(b) provides in pertinent part: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. . . ."

We find that this testimony in question was not introduced for the purpose of attacking the witness' credibility as provided in Rule 608 but instead was offered for the purpose of showing the course of conduct taken by the plaintiff to affect the results of the blood test which would determine the outcome of the claim for child support levied against the plaintiff. The witness Sprenger's testimony was highly relevant to rebut the plaintiff's claim that the defendant instituted a child support action without probable cause. If plaintiff would attempt such extreme measures to alter the blood grouping tests, he most probably had some reason to be convinced of the validity of the underlying claim and the existence of probable cause for instituting the action. Therefore, this testimony was not extrinsic evidence in the form of testimony collaterally related to the plaintiff's credibility, but was rather highly relevant noncollateral evidence of the plaintiff's knowledge surrounding the particular facts and circumstances of this case.

In addition, *Mooney v. Mull*, 216 N.C. 410, 5 S.E. 2d 122 (1939), provides that a defendant in an action for malicious prose-

cution may gather and utilize all the evidence which tends to show plaintiff's guilt of the crime for which he was prosecuted, when, as here, the defendant challenges plaintiff's allegation that the prosecution was instituted without probable cause. The court states:

> To hold otherwise would make it possible for a guilty person, who through some fortuitous circumstances has been acquitted, to vex his prosecutor with a suit for malicious prosecution merely because the prosecutor was not advertent to all the incriminating facts at the time he instituted the prosecution, and to recover damages for a prosecution that was justified upon all the facts.

*Mooney*, 216 N.C. at 412, 5 S.E. 2d at 123.

In turn, G.S. 8C-1, Rule 404(b) was similarly misinterpreted by plaintiff. It provides in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." The clear language of the statute verifies its inapplicability to the case at bar and the authority of *Mooney, supra*, clearly supports the admissibility of the testimony.

The evidence in question of the plaintiff's attempt to bribe the witness and subornate perjury was not being introduced to prove the plaintiff's character in order to show conformity as provided in Rule 404(b). In fact, the testimony in dispute cannot accurately be classified as character evidence at all. "Character comprises the actual qualities and characteristics of an individual, '[t]he peculiar qualities impressed by nature or by habit on the person, which distinguish him from others; these constitute *real* character. . . .'" 1 Brandis on North Carolina Evidence, sec. 102, at 383 (1982), *quoting Bottoms v. Kent*, 48 N.C. 154, 160 (1855). The testimony of defendant's witness Sprenger is simply not evidence of a "distinct, independent, and separate offense" whose introduction is prohibited by the "McClain Rule," as this testimony on the alleged offense arose out of the particular facts of this case. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

[2] Plaintiff next contends that the trial court erred by sustaining defendant's objection to the introduction of two pieces of documentary evidence concerning plaintiff's indictment for soliciting perjury. *State v. John Charles Lay*, Durham County Superior Court File No. 85CRS6730, and an order quashing said indictment, dated 11 September 1985. The indictment arose in connection with plaintiff's alleged attempts to bribe defendant's witness Sprenger to tamper with the blood tests taken upon plaintiff John Charles Lay in order to distort the results. We find no abuse of discretion by the trial court in not admitting the documents into evidence.

Plaintiff attempted to offer into evidence a copy of the indictment and an order quashing said indictment at the close of defendant's case. This was done without advance notice to the defendant as the plaintiff did not list the documents as two of their known exhibits in the pretrial order. As a result, the defendant was unable to conduct discovery to ascertain the reason why the indictment was quashed, to rebut the probable inference that the quashing proved the plaintiff's innocence. A pretrial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. . . ." G.S. 1A-1, Rule 16.

Plaintiff alleges that he is entitled to rebut the evidence offered by witness Sprenger pursuant to the guidance of *Highfill v. Parrish*, 247 N.C. 389, 100 S.E. 2d 840 (1957). On that claim, we are in accord. However, we do not agree that the plaintiff may rebut the evidence with exhibits which were not listed on the pretrial order to the prejudice of the defendant as the trial court has determined in the exercise of its discretion.

[3] Plaintiff's third Assignment of Error addresses whether the plaintiff presented sufficient evidence at trial to withstand defendant's motion for a directed verdict on plaintiff's claim for intentional infliction of emotional distress. "The question presented by a defendant's motion for a directed verdict is whether all the evidence, which supports the plaintiff's claim, when taken as true, considered in the light most favorable to the plaintiff and given the benefit of every reasonable inference in the plaintiff's favor which may legitimately be drawn therefrom, is sufficient for submission to the jury." *Tripp v. Pate*, 49 N.C. App. 329, 332-33, 271 S.E. 2d 407, 409 (1980). We find that the court, having applied this

standard, committed no error when it granted the defendant's motion, concluding, as a matter of law, that plaintiff had failed to present evidence of the requisite element of "extreme and outrageous conduct" to require submission of the evidence to the jury.

[4]  Finally, we find no merit in plaintiff's argument that the trial court committed prejudicial error when it denied plaintiff's request for an instruction regarding the presumption of the legitimacy of a child born in wedlock. We have considered the court's instructions to the jury and find that the instructions given were sufficient.

In an action for paternity, a jury instruction on the presumption of legitimacy is highly relevant. However, the action before us is not one to determine paternity, but rather to determine, in this claim for malicious prosecution, whether the defendant Deborah A. Mangum had probable cause for instituting the criminal child support action against the defendant. We find that such an instruction requested by the plaintiff would have been surplusage which could only serve to confuse the jury on the pertinent issues.

Affirmed.

Judges ARNOLD and PARKER concur.